Moir and another, ex'rs, vs. Dodson.

Plaintiffs, who styled themselves in the title of the cause "executors of" &c., alleged in the complaint the making of a mortgage and notes by the defendant to their testator, the execution and probate of his will, the issuing of letters testamentary to them, their qualification as executors, and that the amount of the notes was due to the "plaintiffs;" and asked judgment of foreclosure &c. *Held,* that it appeared sufficiently that the action was brought by them in their representative capacity.

Where it appears on the face of a complaint that the plaintiffs sue as *foreign* executors, the objection to their legal capacity to sue in the courts of this state must be taken by demurrer, or the defendant will be deemed to have waived it. Secs. 5 and 9, chap. 125, R. S.

APPEAL from the Circuit Court for *Green Lake* County. This was an action to foreclose a mortgage of real estate. In the title of the case the plaintiffs are styled "executors of the last will and testament of William Moir, deceased." The complaint, after alleging the making of certain notes and the execution of a mortgage to secure the same by the defendant to William Moir, states that afterwards the said William Moir died at, &c., having by his last will and testament appointed the plaintiffs his executors, and that previous to the commencement of this suit, said last will was duly admitted to probate by the county court of Henderson county, Illinois, and letters testamentary of the estate were duly issued to the plaintiffs, who qualified as executors. The complaint also alleged that the defendant had failed to comply with the condition of said mortgage, and that there was then due the plaintiffs on the notes and mortgage, the sum of &c.

There was no answer. Judgment for the plaintiffs.

June Term, 1861.

MOIR et al. v. DODSON.

November 2.

*John C. Truesdell,* for appellant, contended that the complaint was insufficient to support the judgment. 1. Because it appeared from it that the plaintiffs were foreign executors, and therefore could not sue as such in the courts of this state. Story's Eq. Pl., §§ 179, 180, 260, 496; Story's Conflict of Laws, §§ 513–14; *Tyler vs. Bell,* 2 Mylne & C., 89. 2. Because the the complaint did not aver that the note and mortgage were the property of William Moir at the time of his death. 1 Chitty's Pl., §§ 363, 364. 3. Because it did not appear from the complaint, on the one hand, that the plaintiffs owned the notes and mortgage in their own right, or on the other hand, that they sued in a representative capacity. The addition of "executors &c." in the title is mere *descriptio personarum. Robbins vs. Gillett,,* 2 Chand., 98; *Merritt vs. Seaman,* 2 Seld., 168; 11 How. Pr. R., 11. The plaintiffs claim that the amount of the mortgage notes is due to *them,* and claim judgment in their own favor, without reference to their representative character.

*Wheeler & Kimball,* for respondents, contended that the objection to the legal capacity of the plaintiffs below to sue, should have been taken by demurrer.

By the Court, DIXON, C. J. This case differs very materially from that of *Merritt vs. Seaman,* 2 Seld., 168, cited by the appellant's counsel. There the commencement of the declaration was the only part which contained any indication that the suit was brought by the plaintiff in any other than his individual capacity. The promises were all laid to him individually, and no mention was made of letters testamentary in the declaration or testimony. Here the death of the testator, the execution and probate of the will, the appointment of the plaintiffs as executors, the issuing of letters testamentary to them, and their qualification and acceptance of the trust, are all distinctly alleged in the body of the complaint. There can be no pretense, therefore, that the action is brought by them in their individual character, and that the complaint states no cause of action in their favor. The only question that can be made is, whether foreign executors can sue in the courts of this state; and this

the defendant has waived. That the plaintiffs are foreign executors, and brought their action in that capacity, appears on the face of the complaint. It was ground of demurrer, and the objection could only be taken in that way. If not so taken, the statute declares that the defendant shall be deemed to have waived the same. R. S., chap. 125, secs. 5 and 9. It is the same as if the legislature had said that if the defendant fails to demur, the plaintiff shall thereafter be deemed competent to sue and maintain his action. The defendant can no longer question his legal capacity to appear and prosecute his claim before the court. It is no doubt competent for the legislature to authorize foreign executors and administrators to sue, provided defendants do not object in the manner prescribed; and such seems to be the effect of the statute under consideration. It is therefore too late for the present defendant to raise this question, and the judgment of the circuit court must be affirmed.

Judgment affirmed.