KING, Guardian, vs. CUTTS.

*Action of unlawful detainer, in whose name to be brought.*

1. The guardian of an imbecile person cannot maintain an action of unlawful detainer in his own name against a tenant who holds over contrary to the terms of a lease executed by such person before he was put under guardianship.
2. Such action should be in the name of the *ward.*

APPEAL from the Circuit Court for *Rock* County.

The defendant appealed from a judgment rendered against him in the circuit court, on appeal from a justice of the peace. The facts are stated in the opinion.

*C. N. Parsons*, for appellant.

*Noggle & Castle*, for respondent.

DIXON, C. J. It is unnecessary to inquire whether the plaintiff is a trustee of an express trust, authorized to sue in his own name to recover possession of the real estate belonging to his ward; for even though he were such trustee, it would still follow that this action could not be so maintained. It is an action of unlawful detainer, instituted under the 12th section of the forcible entry and unlawful detainer act (R. S. ch. 151), to dis-

possess the defendant as a tenant holding over contrary to the terms of his lease. The premises are the property of the ward, and the lease was executed by him nearly a year before the plaintiff was appointed as his guardian. It is not pretended that the lease was in any respect invalid at the time of its execution. The ward was then a person of full age, and competent to execute it, but subsequently imbecility has rendered it proper that a guardian should be appointed for him in accordance with the provisions of the statute in such cases. The plaintiff, having been appointed such guardian, made demand in writing of the defendant, that he deliver possession, and then commenced this action in his own name as guardian. It is clear that the action in this respect is wholly misconceived. It should have been brought in the name of the ward. It is a purely statutory remedy, given only to the lessor, his heirs, executors, administrators or assigns; and the plaintiff is none of these. It could, at most, only be contended that he was an assign; but he is not that, because, by virtue of his appointment as guardian, he acquired no estate whatever in the lands. They remained the property of the ward the same as before, and the plaintiff became the mere bailiff or custodian, acting under the direction of the court. This principle is well settled. *Petrie v. Shoemaker*, 24 Wend. 85; *Lane v. Schermerhorn*, 1 Hill, 97; *McKillip v. McKillip*, 8 Barb. 552. The plaintiff not being, therefore, an assign, nor belonging to any of the other classes of persons authorised to bring the suit, and so not standing in the relation of landlord to the tenant in possession, (see *Winterfield v. Stauss, ante*, 394), the action cannot be maintained by him; and that, regardless of the question whether he is to be deemed a trustee of an express trust, so that he might have sued in some other form of action to recover the possession.

It follows from these views, that the judgment of the circuit court must be reversed, and the cause remanded

with directions to enter judgment in favor of the defendant and against the plaintiff for costs of suit.

*By the Court.*— So ordered.