ELWELL, County Judge, vs. PRESCOTT and another.

ACTION ON ADMINISTRATION BOND: EVIDENCE: SURETY: AUTHORITY
TO SUE. (1) *When order of county court admissible in evidence without prior record.* (2) *Surety: when his liability attaches.* (3) *Attorney making demand for creditor; his authority presumed.* (4) *When and how county judge may grant leave to sue; notice of application not required.*

1. In an action on an administration bond (brought by the county judge for the benefit of creditors, under the statute), a certified copy of an order of the probate court was offered in evidence, which showed on its face that it was made on the application of the administratrix for a final settlement of her account; stated the liabilities of the estate, and the amount in the hands of the administratrix applicable to the payment of debts; and determined the sum which she was directed to pay each creditor named. Without deciding whether the order was *conclusive* of the facts therein recited: *Held,* that it was properly admitted in evidence to show a breach of the bond, without producing a record of prior proceedings of the probate court to show its jurisdiction to make such an order. R. S., ch. 117, secs. 2, 3.

2. In an action on an administration bond, it is sufficient, in order to charge the surety, to show service of the final order of distribution on the administrator, a proper demand of payment made upon him, and

his failure to pay as ordered; and it is not necessary to show any demand upon the surety.

3. Where a written demand upon the administrator to pay the amounts due the several creditors of the estate, was made by the attorney who appeared for the creditors in the probate court on the final accounting, it may be *presumed* that he was authorized to make such demand.

4. Under the statute (R. S., ch. 104, secs. 2–4), the county judge may grant permission to bring suit in his name upon the administration bond, on an *ex parte* application of creditors whose demands the administrator has neglected or refused to pay as ordered; and such permission in this case, granted in the form of an *order*, is held sufficient, without notice given the administratrix, or the surety, of the application therefor.

APPEAL from the Circuit Court for *Dodge* County.

This is an action brought in the name of the county judge of Dodge county for the use and benefit of numerous creditors, upon an admintstratrix's bond executed by *Julia L. Prescott* as principal, and *T. L. Newton* as surety.

The complaint, after alleging the execution of the bond, sets out at length an order of the probate court purporting to be made upon the petition of the defendant *Julia L. Prescott*, for a final settlement and allowance of her account as administratrix, wherein a recital was made of the accounts allowed in favor of creditors against the estate, and said defendant was ordered to pay over to such creditors the balance of moneys in her hands, upon a percentage fixed by the order, the estate being insolvent. It then alleges a demand of payment made upon said administratrix, in behalf of the creditors for whose benefit the suit was brought; her refusal to pay; and that the said creditors had obtained leave from the county court to sue upon the bond.

Upon the trial, the plaintiff offered in evidence the bond declared upon, and then the above mentioned order of the county court. An objection to the latter, on the ground that the records of prior proceedings in probate should first be produced, was overruled. Upon the order was indorsed an admission, signed by the administratrix, of service thereof, and of

Elwell, County Judge, vs. Prescott and another.

a demand, on behalf of the creditors named, of the amounts due them severally. The demand was in writing, and was signed by H. W. Lander as attorney for the creditors named in the order. The order also recited that Mr. Lander appeared upon the final accounting of the administratrix, as attorney for such creditors.

The plaintiff next offered in evidence an order of the county court, made upon application by verified petition on behalf of the creditors of the estate, granting to them permission to prosecute the bond of the administratrix in the name of the county judge. An objection to this evidence on the ground that no notice of the application had been given the defendant, was overruled.

The bond was in the sum of $2,000, and the accounts of the creditors suing amounted to $2,043.48.

The defendants moved for a nonsuit on the grounds stated in the last objection, and also for the reason that no demand had been made on the surety. The motion was denied, and judgment rendered in favor of the plaintiff for the whole amount of the bond ; from which defendants appealed.

*James J. Dick*, for appellants, among other things, argued, 1. That the county court is a court of limited jurisdiction, and its records must be produced, showing jurisdiction, before a judgment or order can be received in evidence. *Gibbs v. Shaw*, 17 Wis., 197 ; *Rape v. Heaton*, 9 id., 328 ; *Archer v. Romaine*, 14 id., 376 ; Tay. Stats., 1443, § 26. 2. That demand should be made upon the surety ; and the person making the demand should appear to be authorized. Tay. Stats., 1246 ; *Supervisors v. Kirby*, 25 Wis., 498. 3. That permission to sue a bond like this is in all cases necessary ; that the granting of such permission is discretionary with the county judge ; and that notice should have been given the defendants. Tay. Stats., 1247, § 7 ; *Golder v. Littlejohn*, 23 Wis., 251.

*H. W. Lander*, for respondent, contended that the county court had jurisdiction and plenary power over all matters con-

nected with the settlement of estates of deceased persons, and its records are legal evidence, by statute. (Tay. Stats., 1310, §§ 2, 3 and 6 ; *Brook v. Chappel,* 34 Wis., 405); that no notice to the surety is required, nor is any demand necessary, except where action is brought by a creditor, under sec. 2, ch. 104, R. S. ; and permission to sue is not required where the action is in the name of the county judge (3 Abb. Pr., 450 ; R. S., ch. 104, secs. 2, 5, 6, 7); that the order of the county court, making final settlement and distribution, was conclusive (*Gale v. Best,* 20 Wis., 44; *Barker v. Barker,* 14 id., 131 ; Freeman on Judg., § 524) ; and that the objection to the demand was invalid, as the order of the court showed an appearance by the creditors by the same attorney, and his authority will be presumed, the burden of proof being with, those denying it. *Thomas v. Steele,* 22 Wis., 207.

COLE, J. This is an action for the benefit of creditors, brought by the county judge upon an administrator's bond. The breach alleged is, that the defendant *Julia L. Prescott,* the principal, has neglected and refused to pay certain sums which she was ordered by the probate court to pay the creditors named in the order. A number of errors are relied upon for a reversal of the judgment, the more material of which will be noticed.

On the trial, a certified copy of the order of distribution was offered in evidence, which was objected to on the ground that the records of the prior proceedings in the probate court must be produced, to show jurisdiction in that court to make the order. The order was surely admissible in evidence, being expressly made so by the statute. Ch. 117, R. S., makes the county court a court of record with a seal, and enacts that all certified copies of the records and proceedings of that court shall be legal evidence. Secs. 2 and 3. The order itself shows that it was made on the application of the administratrix for a final settlement of her account; it states the liabil-

ities of the estate, and the amount in the hands of the administratrix applicable to the payment of debts; and it determines the sums which she is directed to pay each creditor named in the order. It is very clear that the order was competent evidence to show a breach of the bond; and whether it was conclusive as to the facts therein stated, we need not consider.

A copy of the final order of distribution was served upon the administratrix, and a demand was made of the payment of the amounts adjudged to be paid the several creditors. It is objected, however, that no demand was made upon the surety in the bond. We have not been referred to any statute which makes such demand of the surety necessary as a condition precedent to the right to sue the bond. Ch. 104, R. S., does not require it. But it is said that the answer denies that the person making the demand was authorized to make it, and that no proof was offered that the person making the demand was authorized, except the written demand itself. The demand was made by the attorney who appeared for the creditors in the probate court on the final accounting; and presumptively he had authority to make demand of payment on behalf of his clients. *Thomas v. Steele*, 22 Wis., 207.

The creditors presented a petition to the county court representing that the administratrix had neglected and refused to obey the order made on the final accounting, and had neglected and refused to pay the sums decreed to them, though demanded; and asked leave to prosecute the bond. The court granted permission to bring an action in the name of the county judge for the benefit of creditors. It is objected that no notice was given the administratrix or the surety of this application for leave to commence the action. The statute does not make such a notice necessary. The statute provides, in substance, that on the application of any person interested in the enforcement of the order, as a creditor, etc. (to whom a right of action is given), the judge may grant permission to bring suit to recover the penalty of the bond; and the judge

is required, on payment of his legal fees, to furnish to the applicant a certified copy of the bond, together with a certificate that permission has been granted to prosecute it, with the name and residence of the applicant. R. S., ch. 104, secs. 2, 3, 4, 7. It is manifest that, if it is made to appear satisfactorily to the county judge that the administrator neglects and refuses to obey the order for the payment of money, or the performance of any other act which he is required to do, the judge is then authorized to grant the permission *ex parte.* *Golder, County Judge, v. Littlejohn,* 23 Wis., 252. The permission was granted in this case in the form of an order, which surely is sufficiently full and explicit.

It is also objected that the specific amounts due the several creditors are not ascertained and determined by the court or otherwise. A bare reference to the order of distribution will show this objection to be unfounded. The order does designate the creditors to whom the administratrix is directed to pay, and states the precise sums which each creditor is to be paid. We do not find anything in the decision of *Golder, County Judge, v. Littlejohn,* 30 Wis., 344, in conflict with this view or applicable to the question we are considering. The sum allowed each creditor and directed to be paid is distinctly specified in dollars and cents in the order.

*By the Court.*— The judgment of the circuit court is affirmed.

RYAN, C. J., took no part in the decision of this cause.