VINCENT, an infant, by guardian, vs. STARKS and another.

FOREIGN GUARDIAN: SURETIES ON GUARDIAN'S BOND: PLEADING. *Action here, by New York guardian, against sureties on former guardian's bond, based on New York surrogate's judgment against such former guardian: Questions of pleading, proper plaintiff, and liability of sureties.*

1. In an action by a foreign guardian, if the complaint merely alleges his foreign appointment, without alleging, as the statute expressly requires (Laws of 1875, ch. 265, sec. 2), that he has filed in a county court of this state the required evidence of such appointment, his disability to sue appears on the face of the complaint, and the objection in abatement may be taken *by demurrer. Smith v. Peckham,* 39 Wis., 414.

2. The complaint in such a case, however, need not state that no guardian has been appointed in this state; but the objection that such a guardian has been appointed must be alleged *by plea or answer,* and the burden of proof is upon the defendant. A *dictum* in *Moir v. Dodson,* 14 Wis., 279, corrected.

3. Actions for unlawful detainer of the ward's lands, where the ward is the lessor, *must* be brought in the name of the ward, *by* the guardian *(King v. Cutts,* 24 Wis., 625); and this is probably the more correct mode of entitling an action brought by the guardian for the ward's benefit in all cases; though *it seems* that, in general, the bringing of an action in the name of the guardian as plaintiff would be a mere formal irregularity where it appears that he sues for the sole use and benefit of the ward.

4. In an action upon a surrogate's judgment against a New York guardian, which, by its terms, required him to pay a certain sum *on demand,* an averment in the complaint that execution was issued upon such judgment, and was returned unsatisfied, sufficiently shows a *demand* upon the guardian; and a demand upon the sureties on his bond is unnecessary. *Elwell v. Prescott,* 38 Wis., 274.

5. The New York statute provides for prosecution of a guardian's bond on return of an execution unsatisfied issued upon the surrogate's judgment against the guardian; and in an action in this state against the sureties, where it appears that the bond was conditioned for the faithful perform

ance by the guardian of his duty as such, etc., it is sufficient to show such judgment and return of the execution unsatisfied, without alleging the facts on which the judgment was based.

6. The fact that the guardian's bond was delivered to the surrogate on the day previous to the guardian's appointment, is immaterial; as, both by the New York statute and independently of it, the bond would take effect from the time of the appointment; and the sureties are estopped by the bond itself from denying its legal effect as a guardian's bond. *Single v. Barnard*, 29 Wis., 463.

APPEAL from the Circuit Court for *Fond du Lac* County.

The complaint alleges, in substance, 1. That plaintiff is an infant, etc., a resident now and at the times afterwards mentioned, of St. Lawrence county in the state of New York. 2. That on the 1st of December, 1873, Jonas Moyer (by whom she sues) was, by order of the surrogate of said county of St. Lawrence, duly appointed her general guardian. 3. That an authenticated copy of said appointment was filed in the county court of Fond du Lac county, in this state, October 10, 1875, before the commencement of this action. 4. That on the 8th of July, 1871, Henry Aldons, of the town of Canton in said county of St. Lawrence, was duly appointed, by the surrogate thereof, general guardian of said infant plaintiff and one Emma J. Vincent. 5. That on the 7th of the same month, the defendants, with said Aldons, delivered to said surrogate their bond, by which they bound themselves to the plaintiff in the penal sum of $1,200, conditioned for the faithful performance by said Aldons of his duty as her guardian, according to the laws of the state, account for all moneys and property received by him, etc. 6. That Aldons converted to his own use property and moneys of said plaintiff, which came to his hands as such guardian, to the amount of $850.63, in violation of his said trust. 7. That afterwards, January 28, 1874, upon the application of said Moyer, plaintiff's general guardian as aforesaid, Aldons was cited to appear before the surrogate court of St. Lawrence county, N. Y., on March 3, 1874, to render an account of his said guardianship; that on the day last named Aldons appeared, and was adjudged by said surrogate to have in his hands, of the property and moneys

of said plaintiff, a balance of $850.63, and was ordered by said decree to pay that sum on demand to said Moyer, as plaintiff's guardian; that on the 20th of June, 1874, such judgment was duly docketed in the office of the clerk of said county of St. Lawrence, N. Y.; and that Aldons has not paid any part of said sum.    8. That afterwards, on etc., an execution duly issued against said Aldons upon such judgment, was returned by the sheriff wholly unsatisfied; and that afterwards, August 19, 1874, said Moyer, by order of said surrogate court, was directed to prosecute the bond of said Aldons, in the name of his said ward, etc.    Judgment is therefore demanded against the defendants, the sureties on Aldons' bond, for the amount above mentioned, with interest, etc.

Defendants demurred to the complaint, on the grounds, 1. That the court had no jurisdiction of the subject of the action. 2. That plaintiff had not legal capacity to sue in said court. 3. That the complaint did not state a cause of action.    From an order overruling their demurrer, defendants appealed.

The appeal was submitted on briefs of *Henry J. Gerpheide* for the appellants, and a brief of *Giffin & Williams* for the respondent.

· ORTON, J.    The first and most important question raised by the demurrer to the complaint, is the disability of the guardian by whom the infant plaintiff has sued.

It appears by the complaint, that the guardian was appointed by the surrogate of St. Lawrence county, state of New York, and that an authenticated copy of such appointment was filed in the county court of the county of Fond du Lac before the commencement of this suit.

It is objected that the complaint does not state that no guardian of the person or estate of the infant plaintiff has been appointed in this state, which is a prerequisite to the right of this foreign guardian to sue in this state, within the provisions of chapter 265, Laws of 1875.

The incapacity or disability of a foreign guardian to sue in this state can only be taken advantage of by way of abatement,

and is not jurisdictional; and if such disability appear upon the face of the complaint, such question in abatement of the suit may be raised by demurrer. *Smith v. Peckham, Executrix,* 39 Wis., 414. In that case, however, the disability was, that no copy of the foreign appointment had been filed within this state, as required by sec. 2, ch. 28, R. S. 1858, as amended by the above chapter 265. This allegation is specially required by the statute, to show the competency and authority of a foreign guardian to sue in this state; and being so required, without requiring any other allegation in the complaint to show such capacity or competency, may it not be inferred that an allegation that no guardian has been appointed in this state, to show such capacity and competency, is unnecessary? *Expressio unius,* etc. Where suit is brought by a foreign guardian by authority *only* of his appointment in another state, the disability to sue in this state is apparent on the face of the complaint, and the omission to allege the filing of an authenticated copy of such appointment not only shows that such guardian has no right to sue in this state, but it is a violation of the statute requiring such allegation.

In such case, before the foreign guardian can sue in this state, he is required by the statute to file in this state a copy of his foreign appointment, as a qualification to sue; and he has something to do, and a duty to perform in this respect, and he must allege the performance of this duty to show such qualification. But the condition in question, that no guardian has been appointed in this state, is a negative condition, which it would be practically impossible for him to prove, even presumptively or *prima facie,* if made an issuable fact by a denial of such allegation. The fact that a guardian *had been* appointed in this state is an affirmative allegation, and if proved, would establish the incapacity and inability of the foreign guardian to sue in this state; and the *onus* of proving it would, by all rules of pleading, be upon the party making the allegation; and it would be susceptible of proof.

It follows, therefore, that this fact or condition upon which the disability of the foreign guardian in this case may depend,

should be shown by way of plea or answer in abatement. The *dictum* in *Moir v. Dodson*, 14 Wis., 279, predicated on secs. 5 and 6, ch. 125, R. S. 1858, that the capacity of a foreign executor to sue in this state must be taken advantage of by demurrer, or the question will be waived, must be held to apply only to cases in which such legal incapacity appears on the face of the complaint, which is the language of the statute.

As to whether this suit should have been brought in the name of the guardian as plaintiff, instead of the infant by her guardian, is not of much importance, and at most a mere formal irregularity; for the suit in either case would be for the sole use and benefit of the ward, and this change in the title of the suit would not be treated as a material amendment, and would affect no substantial right. The statute above cited, ch. 265, Laws of 1875, which authorizes a foreign guardian to sue in this state, uses the language, " shall be empowered or entitled to commence and prosecute all necessary actions," etc. The form in which such suits may be brought, whether by the guardian as plaintiff, or by the ward as plaintiff, by such guardian, is not directed; and in either case the action would be commenced and prosecuted by the guardian. The general guardian is required to appear and represent his ward in all legal actions and proceedings, unless a guardian *ad litem* is appointed for that purpose (sec. 23, ch. 112, R. S. 1858); and it would seem he should appear and represent the ward in the same manner, which would make the ward the plaintiff or defendant appearing by guardian in all cases when the estate of the ward is the subject matter of the suit. When an infant is a party, he must appear by guardian. Sec. 16, ch. 122, R. S. 1858. There appears to be no statute prescribing the form in which the guardian shall bring and prosecute suits for and on behalf of his ward in all cases; but we think that all of the provisions relating to the subject of such actions clearly contemplate that the proper form would be to name the infant as the party, by guardian; and in case of suit on the bond of the guardian appointed in this state, the statute does provide that " it may be prosecuted in the name of the

ward, for the use and benefit of such ward" (sec. 1, ch. 484, Laws of 1865); and such appears to be the statute of New York. 2 R. S. N. Y., § 9, p. 151. In cases of unlawful detainer of the lands of the ward, the suit *must* be brought in the name of the ward when the ward is lessor; and if brought in the name of the guardian, it is error. *King, Guardian, v. Cutts*, 24 Wis., 625. It is our opinion that this action is properly brought in the name of the ward by her guardian.

It is further objected that no demand upon Aldons, the guardian, or upon his sureties, for the payment of the judgment rendered by the surrogate, is alleged in the complaint, and the judgment is, by its terms, payable on demand. The complaint does allege that execution was issued upon such judgment, and returned unsatisfied, so that in effect a demand upon Aldons is alleged to have been made; and a demand upon the sureties is not requisite. *Elwell, Co. Judge, v. Prescott et al.*, 38 Wis., 274.

It is also claimed by the learned counsel of the appellant, that the complaint ought to have averred the facts of the conversion of the estate of the ward, for which the judgment was rendered, as the nonpayment of such judgment does not appear to be a breach of the guardian's bond according to the conditions set out in the complaint. It would have been well to have set out more fully the conditions of the bond; but, as set out, they are in effect broad enough to cover the failure to pay the judgment, under the operation of the statute of New York (2 R. S., 4th ed., 412, sec. 18), which provides for the prosecution of the bond upon the return of an execution unsatisfied issued upon such judgment.

The point made upon the demurrer, that the complaint shows that the bond was "made and delivered to the surrogate" on the day previous to the appointment of the guardian, is purely technical, as the statute of New York, 2 R. S. (4th ed.), 335, sec. 8, provides that the bond shall be given before the appointment, and sec. 9 provides that it shall take effect upon the appointment, and be retained by the surrogate among the papers of his office, and be prosecuted, in case of any

breach of its conditions thereafter occurring, in the name of the ward by his next friend or guardian. But, without such statute, a bond so given would only take effect upon the appointment of the guardian, and its date would be immaterial. Besides, the sureties are estopped by the bond itself from denying its legal effect as a guardian's bond. *Single v. Barnard*, 29 Wis., 463. The demurrer to the complaint was rightfully overruled.

*By the Court.* — The order of the circuit court is affirmed, with costs.