The New Bank of Eau Claire, Respondent, vs. Kleiner, Appellant.

*November 9 — November 29, 1901.*

*Promissory note forming part of contract: Separation: Fraud: Pleading: Evidence.*

1. In an action upon a promissory note, by an indorsee for value before due, it appeared that the note had been given in payment for a membership in a collection agency and when signed was part of a sheet containing the contract between the maker and the collection agency, in such form that the contract and note could be readily separated. The contract provided that the agency would refund the amount of the note in a certain contingency, and the certificate of membership recited the giving of the note as a payment *in præsenti.* There was no proof that the maker's signature was obtained by any false representations as to the nature or contents of the instruments. *Held,* that the payee rightfully separated the note from the contract and used it as a negotiable instrument.

2. Where the answer in such a case did not allege fraud the trial court properly refused to permit defendant to testify as to whether he intended to execute a note and whether he read the papers before signing them.

3. In pleading fraud it must be made to appear from the facts alleged, independent of mere conclusions, that if the allegations are true a fraud has been committed.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Action on a promissory note, by an indorsee thereof for value before due. Defendant answered, denying that the instrument sued upon was his promissory note, and alleging, in substance, that it was but part of a contract between him and the Minneapolis Snow, Church & Co., under which he was promised the benefit of a membership in such company, a collection agency, in consideration of the sum of $15 and his agreeing to furnish to the company accounts and notes for collection, the company agreeing to refund to him $15 if it failed to collect for or advance to him twenty per cent. of such accounts and notes within ninety days; that, for the purpose of inducing defendant to sign the instrument, the company, by its agent, fraudulently promised that the obligation to pay $15 would be discharged out of collections on the accounts and not have to be paid in any other way; that on the faith of such representations, and upon the written contract, defendant furnished said company accounts and notes for collection, but that it failed and refused to make any return of its doings in regard thereto in accordance with its contract or to make any application of the proceeds thereof upon the defendant's obligation to pay the $15, though the period limited for it to avoid the obligation to refund the $15 had expired.

On the trial plaintiff made a *prima facie* case. Evidence was also produced showing that a certificate of membership in the company was issued to defendant when the paper in suit was made, which recited that it was issued in consideration of $15. Evidence as to whether defendant intended to sign a note when he executed the paper in suit was excluded. Evidence was also excluded as to what was said, at

the time of the execution of the paper, about signing the note. The paper, when signed, was part of a sheet containing a contract between the Minneapolis Snow, Church & Co. and defendant, the entire sheet forming a leaf in a book of forms used in procuring members for the company, and was in such form that the note could be readily separated from the contract, the two being entirely independent of each other. The following is a copy of the contract and note as they appeared before the separation.

"5,958. "SUBSCRIBER'S SECURITY GUARANTEE
"Issued by
"Minneapolis
"SNOW, CHURCH & CO.
"Law and Collections.

"*W. H. Kleiner* of Eau Claire, Wis., hereby agrees to send to Minneapolis Snow, Church & Co., for collection and adjustment, upon their regular blanks, with full information, a complete list of his uncollected notes and book accounts, and to furnish promptly everything required to assist said company in enforcing the collection or adjustment of said claims.

"In consideration of the above agreement, the Minneapolis Snow, Church & Co. agrees to refund to him the sum of $15 if it has not collected for or advanced to said party the sum of twenty per cent. of accounts rendered on or before ninety days after the receipt of said notes and accounts.

"It is also understood that this agreement shall in no wise invalidate any other agreement that may at any other time be made between the above parties.

"In testimony whereof, the parties have hereunto set their hands and seals, this 14th day of July, A. D. 1899.
"MINNEAPOLIS SNOW, CHURCH & CO. [Seal.]

"$15.00.                Dated at Eau Claire, Wis.,
"July 14, A. D. 1899.

"Ninety days after date I promise to pay to the order of Minneapolis Snow, Church & Co. fifteen dollars, value received, with interest at the rate of seven per cent. per annum.    [Signed] W. H. KLEINER of Eau Claire, Wis.

"Payable at Eau Claire.
"State, Wis.
"No. 5,958."

The two parts of the sheet indicated that there was a perforated line to facilitate removing it from the book and removing the note from the contract.

The court directed a verdict in favor of plaintiff, and defendant appealed.

*Jos. W. Singleton*, for the appellant, contended, *inter alia*, that the contract which was made contemporaneously and delivered with the note, and which was intended as a part of the agreement, is a substantive part of the note, and with it constituted a single contract. *Benedict v. Cowden*, 49 N. Y. 396; *Blake v. Coleman*, 22 Wis. 415; *Krouskop v. Shontz*, 51 Wis. 204; *Morgan v. Edwards*, 53 Wis. 608; 4 Am. & Eng. Ency. of Law (2d ed.), 140. If defendant signed the note believing it to be an entirely different instrument, and was not in any manner negligent, plaintiff cannot recover even as a *bona fide* holder. *Walker v. Ebert*, 29 Wis. 194; *Kellogg v. Steiner*, 29 Wis. 626; *Benedict v. Cowden*, 49 N. Y. 396; *Cole Bros. v. Williams*, 12 Neb. 440. The separation of this note and contract was an act of forgery upon the part of payee. *Griffiths v. Kellogg*, 39 Wis. 294, and cases cited; 4 Am. & Eng. Ency. of Law, 142. The maker should be protected on the principle that the loss to the holder is caused by the forgery rather than by the negligence of the maker. *Fordyce v. Kosminski*, 49 Ark. 40; *Cronkhite v. Nebeker*, 81 Ind. 319; *Borrows v. Klunk*, 70 Md. 451; *Simmons v. Atkinson*, 69 Miss. 862; *Searles v. Sipp*, 6 S. Dak. 472; *Knoxville Nat. Bank v. Clark*, 51 Iowa, 264; *Greenfield S. Bank v. Stowell*, 123 Mass. 196; *Holmes v. Trumper*, 22 Mich. 427; *Griffiths v. Kellogg*, 39 Wis. 294, and cases cited; *Exchange Nat. Bank v. Bank of Little Rock*, 58 Fed. Rep. 140.

For the respondent there was a brief by *Teall & Thomas*, and oral argument by *De Alton S. Thomas*.

MARSHALL, J.    There is nothing on the face of the papers which passed between the defendant and Minneapolis Snow,

Church & Co. when the note was made, to indicate anything
but a fair transaction. Defendant purchased the benefits of
a membership in said company for $15, giving his promis-
sory note in payment. The company agreed to refund $15
if it failed to collect twenty per cent. of the accounts placed
with it for that purpose pursuant to the contract, within
ninety days after the receipt thereof. The certificate of
membership issued to defendant recited the giving of the
note as a payment *in præsenti* of $15. That was the $15
which the company, in the contingency mentioned in the
contract, agreed to refund to defendant. The agreement to
refund indicates clearly that the note was to be considered
between the parties as an absolute payment to the company
of $15. All that is consistent with the separation of the
note from the contract and the use thereof by the company
as a negotiable instrument. No proof was offered tending
to show that representations were made to defendant when
he signed the note and the contract, that the papers con-
tained an agreement other than what appeared therein as to
the discharge of the note out of collections made on the ac-
counts and notes furnished by defendant. The questions
asked of defendant as to whether he intended to execute a
note and whether he read the papers before signing them,
were properly excluded, because no fact constituting fraud
was alleged in the answer. If answers had been permitted
they would not have availed defendant, if for no other rea-
son, because no proof was offered that he was misled either
by the company or its agent as to the contents of the paper,
or that he was deterred, by anything said or done by the
agent who dealt with him, from reading the paper, or that
there was any circumstance whatever to excuse him for not
knowing just what he signed. No defense was shown by
the evidence received, none indicated by the evidence re-
jected, and none set up in the answer. A mere allegation
in a pleading that a person fraudulently did a particular

thing does not open the way to prove fraud where the doing of the thing alleged does not necessarily constitute fraud. In pleading fraud, either at law or in equity, facts, not conclusions, must be stated. To merely allege, as in the answer in this case, that the party charged with fraud fraudulently represented, followed by a statement of the representation complained of, which does not of itself constitute fraud, will not do. It must be made to appear by the facts alleged, independent of mere conclusions, that if the allegations are true a fraud has been committed. 9 Ency. of Pl. & Pr. 686, par. 3, and cases cited; *Crowley v. Hicks*, 98 Wis. 566; *Gates v. Steele*, 58 Conn. 316; *Smith v. Brittenham*, 98 Ill. 188; *Bodkin v. Merit*, 102 Ind. 293; *State ex rel. Lewis v. Williams*, 39 Kan. 517; *Wood v. Amory*, 105 N. Y. 278; *Fogg v. Blair*, 139 U. S. 118. In the last case cited Mr. Justice HARLAN said: 'As the plaintiff impugned the good faith of the transaction, it was incumbent upon him to state the essential, ultimate facts upon which his cause of action rested, and not content himself with charging, generally, that what was done was a fraud or breach of trust,' etc. Counsel for appellant cites *Walker v. Ebert*, 29 Wis. 194, and similar authorities, where the circumstances considered were that the signature of a party was obtained to a paper by false representations as to its character and without fault of the signer in not knowing its contents. There are no allegations in the answer here that the defendant was imposed upon in that way, nor was any proof offered to that effect. Defendant was able to read what he signed, and no reason was attempted to be given why he did not do so. A person who signs a paper without knowing its contents does so at his peril of being bound beyond what he intends unless he can show some good reason for his ignorance. *Keller v. Schmidt*, 104 Wis. 596.

It follows that in any view of this case the trial court properly directed a verdict in favor of the plaintiff.

*By the Court.*— The judgment appealed from is affirmed.