ESTATE OF HEWITT: HEWITT, Guardian, Appellant, vs. JAMIESON, Executor, Respondent.

*September 15—October 11, 1927.*

*Executors: Actions on bonds: Leave to sue: How obtained: Procedure and notice: Settlement with general guardians: Filing of receipts: Solvency of guardian: Duty of executor.*

1. It is not mandatory upon the court, in an application for leave to sue upon the bond of an executor under secs. 321.02 and 321.04, Stats., to grant the petition. Leave may be *ex parte,* or the court may in its discretion make an examination to determine whether or not it may be granted; and while the court is not authorized to try the issues, it has power to ascertain that there is *prima facie* ground for relief. p. 18.
2. An executor, bound under order of court to pay over legacies assigned to minors, is not required to make any investigation of the solvency and reputation of the general guardian of the minors before making payment to him, as these are matters for the court that appoints the guardian. p. 19.
3. The purpose of the statutes which require an executor settling with a guardian to take receipts from him and file duplicates with the county court in charge of the estate, and which also require the county court to transmit a copy of the receipt to the court appointing the guardian, is that such court may be advised of sums paid the guardian in trust in another jurisdiction, and may, if necessary, increase the bond of the guardian or take such steps as may be necessary to protect the ward. p. 19.

APPEAL from an order of the county court of Richland county: J. O'NEILL, Acting County Judge. *Affirmed.*

This is an appeal from an order denying the application of the petitioner to prosecute the bond of *George Jamieson,* executor in the above estate, the order of denial being made by the county court of Richland county December 24, 1926.

The petition sets out that the petitioner was duly appointed guardian of the person and estate of Katherine Hewitt and Maude Hewitt, minors, by the county court of Iowa county, on January 28, 1926; that the two minors, Katherine Hewitt and Maude Hewitt, were named as legatees in the will of Sarah Hewitt, deceased, and that by the final judgment in the estate, entered on the 1st day of June, 1920, there was assigned to Katherine Hewitt the sum of $4,490.16 and to the said Maude Hewitt the sum of $8,980.38; that by order of the county court of Iowa county one Thomas H. Burns was appointed, in 1917, guardian of said minors and continued as such until January 28, 1926, when he was removed as such guardian by the county court of Iowa county, and the petitioner appointed guardian of said minors in his place; that one *George Jamieson* was the executor of the estate of Sarah Hewitt, deceased, and paid over to said Burns, the general guardian of the minors, on June 1, 1920, said sums assigned by the judgment of the county court of Richland county; that *Jamieson* made no inquiry as to the reputation or solvency of said Burns, and was guilty of negligence in paying the money over to him; that *Jamieson* failed to file duplicate receipts with the county court of Richland county, as required by sec. 318.07 of the Statutes, and failed to apprise the county court of Iowa county of his intention to pay the money to Burns; that Burns failed to invest the money of his wards, converted the same to his own use, and was insolvent.

The county court thereupon set a hearing upon the petition, and upon the hearing the petitioner appeared by counsel and *Jamieson* also appeared by counsel and filed a verified reply, in which he set forth that Burns appeared at the final hearing at the county court of Richland county on June 1,

1920, and demanded that the sums due his wards be paid to him as general guardian; that *Jamieson* paid the same to him and took proper receipts therefor, which he filed with the county court of Richland county on the same day; that at that time Burns had been known to him by reputation for many years, and that he was of good repute; that *Jamieson* complied in all respects with the requirements of law, and was guilty of no breach of statutory duty; that he had no knowledge of the failure of Burns to account to his wards for the money so received until demand was made by the petitioner in September, 1926, for an accounting.

Upon such petition and verified reply, and the record in the proceedings, of which the court took judicial knowledge, the court denied the petition.

For the appellant there was a brief by *Thomas W. King* of Spring Green, attorney, and *Olin & Butler* of Madison, of counsel, and oral argument by *C. G. Mathys* of Madison.

For the respondent there was a brief by *Brindley & Brewer* of Richland Center, attorneys, and *Richmond, Jackman, Wilkie & Toebaas* of Madison, of counsel, and oral argument by *Harold M. Wilkie* and *F. L. Brewer.*

CROWNHART, J. The petitioner claims that the court erred in its denial, in that the petition should have been granted *ex parte* and without notice to *Jamieson.*

Sec. 321.02 of the Statutes provides:

"(1) Actions may be brought on the bonds of executors, administrators and testamentary trustees by permission of the county court in the following cases:

"(a) . . .

"(b) By any legatee, next of kin or other person to recover his share of the personal estate, after the county court has, by order or judgment, declared the amount due to him, if the executor, administrator or trustee shall fail to pay the same when demanded."

Sec. 321.04, Stats., provides:

"On the application of any person authorized by this chapter to commence an action on such bond the county

court may grant permission to such person to prosecute the same, and shall thereupon furnish to the applicant a certified copy of such bond, together with a certificate that permission has been granted to such person to prosecute, stating his name and residence."

It will be noted that the statute does not make it mandatory upon the court to grant the application, but provides that he *may* grant permission, and it will be further noted that the court may grant permission "if the executor, administrator or trustee shall fail to pay the same when demanded."

This court has held that notice is not necessary on an application for leave to sue, but the order may be granted *ex parte*. *Elwell v. Prescott*, 38 Wis. 274. But the court did not hold that the county court might not make such investigation as was necessary to satisfy the court that permission should be granted. The court said:

"The statute does not make such a notice necessary. . . . It is manifest that, if it is made to appear satisfactorily to the county judge that the administrator neglects and refuses to obey the order for the payment of money, or the performance of any other act which he is required to do, the judge is then authorized to grant the permission *ex parte*." *Elwell v. Prescott*, 38 Wis. 274, 278, 279.

Sec. 324.19 of the Statutes provides:

"When notice of any proceedings in a county court shall be required by law or be deemed necessary by such court and the manner of giving the same shall not be directed by any statute, such court shall order notice of such proceedings to be given to all persons interested therein in such manner and for such length of time as it shall deem reasonable."

This section further indicates that the county court may, in its discretion, make such investigation as it shall deem necessary, whether notice is required or not. We think there can be no doubt that the court was within its discretion in making such investigation as it deemed necessary to determine whether or not the application should be granted.

Upon such investigation the court would not be authorized to try the issues, but it certainly would be authorized to ascertain that there were *prima facie* grounds for relief.

It appeared from the records of the county court that *Jamieson,* as executor of the estate in this matter, had duly paid over to the general guardian of the wards of the petitioner the amount assigned by the court to such wards, and that he had taken proper receipts therefor and had filed them with the court. The general guardian was authorized by the statutes to "settle all accounts of the ward and may demand, sue for, collect and receive all debts due to him." Sec. 319.25, Stats. *Gill v. Hermann,* 168 Wis. 589, 171 N. W. 76; 21 Ruling Case Law, 29; 12 Ruling Case Law, 1123–1125; 28 Corp. Jur. 1130. *Jamieson,* therefore, fully complied with the law and the order of the court in paying the money over to Burns.

But it is claimed that it was necessary for the executor of the estate to make some investigation of the solvency and reputation of the general guardian before paying the money to him. We do not think this is so. The statute prescribes the duties of the executor and of the guardian. The guardian is entitled to the moneys of his ward, and may sue if denied him. Clearly, the executor is not required to ascertain at his peril that the guardian is solvent. This is a matter for the county court that appoints the guardian. It must in the first instance require a bond, which it may increase from time to time. It is the duty of the court to require annual reports of the guardian's trust. The statute requires the executor to take receipts from the guardian and file duplicates with the county court having charge of the estate. The statutes also require that the county court wherein such receipts are filed shall transmit a copy thereof to the county court appointing the guardian. The reason is apparent. It is to advise the county court appointing the guardian of any sums paid to him in trust in a proceeding in another jurisdiction, so that the court appointing the guardian may in-

crease the bond of the guardian or take such other steps as may be necessary to protect the ward.

The county court, being fully advised by its own records that the executor had complied with its order and distributed the money to the proper parties, and had duly filed receipts therefor with the court, properly denied the petition.

*By the Court.*—The order of the county court is affirmed.