GLEIXNER, Guardian, Respondent, vs. SCHULKEWITZ and wife, Appellants.

*October 14—November 9, 1943.*

For the appellants the cause was submitted on the briefs of *J. Elmer Lehr* of Milwaukee.

*Maurice Weinstein* of Milwaukee, for the respondent.

FRITZ, J. Defendants' first ground for demurrer is that it appears from the allegations in the complaint that the guardian, Dorothy Gleixner, does not possess capacity or authority as guardian of Mary Schulkewitz, an incompetent, to

bring the action. To sustain that ground defendants contend that it does not appear that Dorothy Gleixner has been appointed guardian of the estate or property of Mary Schulkewitz. The pertinent allegations involved are "That the plaintiff . . . is the duly appointed and qualified guardian of Mary Schulkewitz, incompetent, and as such is plaintiff in this action;" "That your plaintiff's ward, Mary Schulkewitz, is seventy-seven years of age;" and that "Said Mary Schulkewitz being old and infirm and by reason thereof incapacitated from properly tending her business and financial matters," defendants fraudulently and without consideration procured conveyances and possession of her property, etc. It is true that it does not definitely appear from those allegations whether Dorothy Gleixner is the guardian of the ward's person or of her estate. However, as an appointment by the court made under sec. 319.17, Stats., can be as guardian of either the person or the estate, or both, of the ward, the defect under allegations which fail to state specifically that the guardianship is of the estate of the ward is, at most, that the allegations are uncertain or indefinite. Because of such defect there may be occasion for a motion and order to have the allegations made more definite and certain, but the existence of the defect does not constitute ground for demurrer. Moreover, as in connection with alleging that Dorothy Gleixner "is the duly appointed and qualified guardian of Mary Schulkewitz, incompetent," it is also stated that the ward is "old and infirm and by reason thereof incapacitated from properly tending her business and financial matters," the allegations in their entirety can be deemed to mean, upon a liberal construction thereof in favor of the pleader,—as must be done in ruling on a demurrer,—that the appointee is the guardian of the estate, as well as of the person of her ward. Consequently defendants' contention that it appears from the allegations that the guardian does not have authority to bring the action cannot be sustained.

However, in that connection it must be noted here that the pleader erred in designating in the title of the action, and likewise in allegations in the complaint, the guardian, Dorothy Gleixner, as the plaintiff. In view of all the other allegations it is evident that the ward, Mary Schulkewitz, is entitled as a plaintiff to the relief claimed upon the facts alleged; and that the action is brought on her behalf by Dorothy Gleixner as her guardian. Consequently, in the title of the action the pleader should have been designated as plaintiff Mary Schulkewitz, an incompetent, by Dorothy Gleixner, her guardian; and likewise in the allegations in the complaint and in the prayer for judgment the ward instead of the guardian should have been designated as the person entitled to the relief sought under the facts alleged. *King v. Cutts,* 24 Wis. 625; *Vincent v. Starks,* 45 Wis. 458; *Webber v. Ward,* 94 Wis. 605, 69 N. W. 349. However, the errors in those respects are not involved in passing upon the grounds on which defendants based their demurrer; and an objection based on those errors would not go to the cause of action, nor to the jurisdiction of the court, but would constitute, at most, merely a matter in abatement. *Webber v. Ward, supra.*

Defendants' second ground for demurrer is that the allegations are insufficient to state a cause of action to recover the ward's property from defendants; and to sustain that ground defendants contend that there are no allegations as to any particular act or conduct which can be held to be *fraudulent* or *unlawful* so as to warrant the conclusions to that effect stated by the use of the words which are italicized in the following allegations, to wit:

"That both defendants have conceived and devised a plan to *unlawfully and fraudulently,* and without consideration, acquire and take from Mary Schulkewitz all of her real and personal property."

"That in furtherance of said plan the defendants . . . *fraudulently* and for the purpose of taking advantage of said

Mary Schulkewitz have taken possession of all of her personal property. . . ."

"That . . . defendants *fraudulently* and for the purpose of taking advantage of said Mary Schulkewitz's incapacity, all of which they knew, *fraudulently* and without consideration, procured her to execute a deed to the property. . . ."

"That on or about May 8, 1939, your defendants in furtherance of said plan to deprive said Mary Schulkewitz of all her personal property, *fraudulently* and without consideration caused the said Mary Schulkewitz to assign to the defendant Andrew Schulkewitz in joint ownership, the following described building and loan stocks : . . ."

"That the defendants *fraudulently* and *unlawfully* have obtained possession and still retain unlawfully paid-up life insurance policies," etc.

In support of their contention defendants rely on the rule that "The mere averment of a pleader that the acts and omissions are fraudulent adds nothing to the pleading, nor does it change the essential character of such acts and omissions." *Herbst v. Land & Loan Co.* 134 Wis. 502, 115 N. W. 119; *New Bank v. Kleiner,* 112 Wis. 287, 87 N. W. 1090; *Supervisors of Kewaunee County v. Decker,* 30 Wis. 624; *Riley v. Riley,* 34 Wis. 372.

On the other hand, on behalf of Mary Schulkewitz it is contended (1) that her cause of action is based on the total failure of consideration, which is repeatedly stated in the allegations quoted above; (2) that the obtaining of property without any consideration therefor is fraudulent; (3) and that the allegations that defendants conceived and devised a plan to unlawfully and fraudulently and without consideration acquire and take from Mary Schulkewitz all of her real and personal property, and in furtherance of such plan and for the purpose of taking advantage of her incapacity have fraudulently and without consideration procured the conveyance and taken possession thereof, etc., are sufficient to state a cause of action for

the recovery of the property on her behalf. These contentions must be sustained in view of the alleged total failure of consideration in connection with the other allegations to the effect stated above and also allegations that the defendant Andrew Schulkewitz is the son of Mary Schulkewitz, and has always lived with her in her home and since his marriage to his wife the defendants exercised complete control and dominance over Mary Schulkewitz and restricted and prevented her children from contacting her. As is stated in 2 Pomeroy, Eq. Jur. (4th ed.) p. 1939, sec. 927,—

". . . The doctrine is settled, by a consensus of decisions and *dicta,* that even in the absence of all other circumstances, when the inadequacy of price is so gross that it shocks the conscience, and furnishes satisfactory and decisive evidence of fraud, it will be a sufficient ground for canceling a conveyance or contract, whether executed or executory. . . ."

In applying that doctrine in *Kuelkamp v. Hidding,* 31 Wis. 503, 511, Dixon, C. J., quoted the following from 1 Story, Eq. Jur. sec. 192,—

"Speaking of inadequacy of consideration, Judge Story says it is not, of itself, a distinct principle of relief in equity; and such is undoubtedly the correct rule. But gross inadequacy, such as 'shocks the conscience,' becomes, of itself, evidence of fraud. 'As to the unconscionable nature of this bargain, I hardly know how to express it; but must express it in terms that have been used by this court before; that, if the terms are so extremely inadequate as to satisfy the conscience of the court, by the amount of the inadequacy, that there must have been imposition, or that species of pressure upon distress, which in the view of this court amounts to oppression, this court would order the instruments delivered up, though courts of law might hold that judgment not within the sphere of their powers.' Such is the language of Lord Eldon, in *Underhill v. Horwood,* 10 Vesey, 209, 219."

And the decision in the *Kuelkamp Case, supra,* was followed in *Risch v. Von Lillienthal,* 34 Wis. 250, 258, and *Wachowski v. Lutz,* 184 Wis. 584, 593, 201 N. W. 234.

It follows that the order appealed from must be affirmed.

The inclusion in respondent's brief of a copy of letters of guardianship, which were no part of the complaint or the record herein, and also of an argument based thereon, was clearly improper; and but for that violation of the court rules it would not have been necessary for appellants to print a reply brief. Under the circumstances costs are denied for the printing of respondent's brief.

*By the Court.*—Order affirmed. In taxing costs pursuant to this mandate no costs will be allowed for printing respondent's brief.