Hungerford vs. Redford and another.

## HUNGERFORD vs. REDFORD and another.

*Replevin for logs; evidence of title. Damages. Exceptions.*

29 345
78 125
29 345
93 436

1. In replevin for logs cut and removed by defendants from land to which the plaintiff claims title, proof that the plaintiff was in the actual possession and occupancy of the land at the time of such cutting and removal, would be sufficient to enable him to maintain the action, without any proof of a paper title, unless the defendants proved an adverse title thereto of a higher character than a mere possessory title.

2. But where the land was unoccupied when the logs were taken, plaintiff must show that he was the *real* owner; and proof of a merely colorable title in him, as by a conveyance from a person whose title is not established, is not sufficient; since a judgment in his favor would not bar a recovery from defendants by the real owner.

3. In such a case plaintiff must trace his chain of title to the United States or the state, or to some one who is shown to have been the true owner.

4. If plaintiff had shown title in himself, the question whether defendants had cut the logs in good faith, believing themselves to have title to the land, should have been submitted to the jury (there being evidence tending to that conclusion); and in case of an affirmative finding on that question, the measure of damages would be, the value of the *stumpage*, or in other words, the value of the property when seized by the sheriff, less the value of the labor bestowed upon it by the defendants. *Single v. Schneider*, 24 Wis., 299, as to that point, approved.

5. Exceptions should specifically call the attention of the court trying the cause to the portions of the charge complained of; and an exception "to the whole charge" is *held* insufficient in this case.

APPEAL from the Circuit Court for *Marathon* County.

Replevin, for logs cut and removed by defendants from plaintiffs unoccupied land. The plaintiff attempted to prove title to the land through several conveyances, but did not trace it back to any original source of title, nor show possession at any time in himself or any of his grantors. He also gave proof that he had notified the defendants of his rights and forbidden their cutting any timber on the land, about the time they commenced cutting; and that he had deposited with the clerk of the board of supervisors a sufficient amount to redeem

from the tax deed under which the defendants claimed. There was also proof of the value of the stumpage, and of the logs at the place where they were seized by the sheriff.

The defendants relied upon a tax deed executed to one of them in 1867, upon a tax sale in 1864, for the taxes of 1863, to which deed the plaintiff objected as illegal and void, because the notice of sale stated that the taxes were due for the year 1864, and because the county treasurer did not offer the lands for sale in the manner required by law, nor officially sign or certify the sale book, and there was no affidavit of the sale or of the posting of notices thereof to be found in his office.

The court charged the jury that the notice of sale for taxes must show affirmatively for what year the taxes were unpaid, and the record must show a compliance with the law, otherwise the deed would be void; and that, if they found for the plaintiff, they should assess the cash value of the logs at the place where they were seized by the sheriff. The defendants excepted generally to the whole charge.

Verdict for the plaintiff.

A motion for a new trial was denied, and judgment entered for a return of the property or the recovery of its value; from which defendants appealed.

*W. C. Silverthorn*, for appellants, contended that the plaintiff had not shown title to the land, emanating from any sufficient source; but the defendants had shown possession under a tax deed, valid on its face, giving them a colorable title ; and that the damages were excessive, the rule adopted by the court being applicable only in cases of willful trespass, citing *Single v. Schneider*, 24 Wis, 299.

*G. L. Park*, for respondent, argued that the jury were the only proper judges of the question of ownership and right of possession of the property ; that in case the property could not be returned, the plaintiff was entitled to its value as it was when the action was commenced, citing 20 Ill., 219 ; that the defendants' tax deed being void and they having been repeat-

edly forbidden to cut timber on the land, and the money to redeem from the tax sale having been deposited and they notified thereof, they were to be regarded as willful trespassers; that when a return cannot be had, the damages must cover the value as well as the injury done by the taking, citing 4 Zab., 162; 8 Humph., 406; 3 Kent's Com., 363; Sedgwick on Damages, 576; and that the exception to the charge was too general to avail the defendants on appeal, citing *Thrasher v. Tyack*, 15 Wis., 256; *Tomlinson v. Wallace*, 16 id., 224; *Morse v. Gilman*, 18 id., 373; *Jenks v. The State*, 17 id., 665.

LYON, J. Action to recover the possession of a quantity of pine logs, alleged to have been cut by the defendants on a certain tract of land belonging to the plaintiff, and by them removed therefrom. The complaint is in the usual form. The answer is a general denial, and an averment that the land upon which the logs were cut, and from which they were removed, belongs to the defendants.

The plaintiff recovered judgment in the circuit court, from which the defendants have appealed.

I. It appears by the evidence that the land from which the logs were taken was unoccupied, and it was therefore necessary that the plaintiff should prove that he was the owner thereof before he could recover the logs.

The owner of the land is the owner of the logs, and entitled to the possession of the same.

To prove his title to the land, the plaintiff gave in evidence a conveyance thereof executed by Eli P. May and wife to Wm. B. Ogden, dated January 21st, 1857; also conveyances of the same land executed by Ogden to Flagg, by Flagg to Rumsey, and by Rumsey to the plaintiff. The latter of these conveyances is dated August 17th, 1868. This is all of the testimony relating to plaintiff's title to the land, and it is clearly insufficient. It fails entirely to show that May, or any other grantor in either of the above mentioned conveyances, had any title to

the land, and hence fails to show that the plaintiff has title thereto.

A merely colorable title in the plaintiff is not alone suffici- ent to entitle him to judgment in an action like this, where as in this case, the land is unoccupied. Had he been in the actual possession and occupancy of the land when the logs were cut, he could have maintained this action without making any proof whatever of a paper title, unless the defendants proved an ad- verse title thereto, of a higher character than a mere possessory one. But the plaintiff was not in the actual possession of the land when the logs were cut (which was in winter of 1868–9); and he shows no title in himself to the land, except one which is merely colorable.

If the plaintiff is not the real owner of the land, and the de- fendants shall be compelled to pay the judgment which he re- covered against them in the circuit court, what rule of law will prevent such owner from bringing an action against them for the same logs and recovering therein? No such rule has been contended for in this case, and we are not aware that there is any such rule. The fact that a recovery by the holder of a merely colorable title is no bar to a recovery by the real owner, demonstrates that none but the real owner can recover.

Had the plaintiff proved that he derived his title from a government patent, or probably from a patent issued by the state, or, had he proved that he was in actual possession of the land when the logs were cut, he would, doubtless, have thereby made *prima facie* proof of ownership, and to defeat the action the *onus* would have been upon the defendants to show that the legal title was in some other person. But proof that some person, or any number of persons, none of whom are shown to have any title whatever to the land, have assumed to convey it to the plaintiff, is not sufficient of itself to raise the presump- tion that the plaintiff is the real owner. Such proof fails to make out a *prima facie* case for the plaintiff.

The objection that the plaintiff's proofs in this behalf were

insufficient, was made by the counsel for the defendants, when the conveyances before mentioned were offered in evidence, and was practically overruled by the court, to which ruling due exception was taken.

II. The defendants claimed the land upon which they cut the logs in controversy, by virtue of a tax deed in due form, executed by the proper officer to one of them. The validity of this deed was denied by the plaintiff, who introduced testimony tending to prove certain irregularities in the proceedings preliminary to the execution thereof, which, it was claimed, were fatal to the validity of the deed. All disputed questions of fact affecting the deed seem to have been submitted to the jury under proper instructions.

III. The court also instructed the jury that the measure of the value of the logs, if they found for the plaintiff, was the cash value of the same at the place where they were seized by the sheriff. When so seized the logs had been banked by the defendants on Sandy Creek, at an expense of about two dollars per thousand feet. The jury evidently found they were worth there three dollars per thousand; because there is a preponderance of proof that the quantity in question is 137,000 feet, and the jury assessed the value thereof at four hundred and eleven dollars. The evidence shows that the logs in the tree, or, as the witnesses express it, the stumpage was worth one dollar per thousand.

It is claimed by the defendants that the cutting and taking of these logs was not, in any correct sense, a willful trespass, but that they cut and removed the same, believing, in good faith, that they owned the land from which the logs were taken, and that the court erred in giving the rule of value as above stated.

We are of the opinion that if the defendants, when they cut and removed the logs, honestly believed that they were the owners of the land from which the same were taken, the rule laid down in *Single v. Schneider*, 24 Wis., 299, for assessing the value of the property in controversy in that case, is applicable.

That is to say, the true value of these logs is the value of the stumpage, or, what is the same thing in this case, the true value thereof is their value when seized by the sheriff, less the amount which their value has been enhanced by the labor of the defendants.

It should be observed that in this case, as in that of *Single v. Schneider*, the defendants gave an undertaking under the statute and retained the property.

There seems to be a conflict in the testimony as to whether the defendants took the logs in good faith; and, had the plaintiff proved that he was the owner of the land from which they were taken, we think the question should have been submitted to the jury.

IV.   It is objected on behalf of the plaintiff, that the excepion of the defendants to the instructions given to the jury is too general to be available on this appeal.   Such exception is as follows:   " To the whole of which charge the defendants, by their counsel, excepted." This objection is well taken. In *Bigelow v. The West Wisconsin R. R. Co.*, (27 Wis., 478), it was said: " This court has repeatedly held that it would not review the charge of the circuit judge unless his attention was specifically called to those portions complained of when the same was given, so that he might have an opportunity to modify or withdraw the objectionable portions, should he deem them incorrect." See also, *Nicks v. The Town of Marshall*, 24 Wis., 139; *Strohn v. The Detroit and Milwaukee R. R. Co.*, 23 Wis., 126, and cases cited.

The judgment of the circuit court cannot, therefore, be reversed because of any error in the charge of the court to the jury; and we have commented upon the charge, not because it can have any influence upon the decision of this appeal, but for the purpose of giving the parties and the court the benefit of our views upon a question which has been discussed in this court by the respective counsel, and which will probably arise when the cause is again tried.

Because the plaintiff failed to establish his right to the pos-

session of the logs in controversy, by failing to prove that he owned the unoccupied land from which they were taken, there must be another trial.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.