PAIGE, Respondent, vs. KOLMAN, Appellant.

*May 4 — May 22, 1896.*

*Public lands: Railroad grant: Title.*

A grant of lands by Congress to the state to aid in the construction of a railroad (13 U. S. Stats. at Large, 66, ch. 80) was a grant *in præsenti,* and when the road was located and the exact sections identified the title attached as of the date of the grant, so that the United States could not afterwards give title by patent to another.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Trespass. The plaintiff sued for the cutting of logs and timber upon the N. W. ¼ of section 15, township 47 N., of range 4 W., in Ashland county, Wisconsin, and claimed the highest market value of the manufactured product, under R. S. sec. 4269. The defendant first served and filed an affidavit of cutting the logs by mistake, and offered to allow judgment to be taken against him for the stumpage value of the same, alleged to be $62.10, and costs. The defendant also served an answer admitting plaintiff's title and alleging that the logs were cut by mistake. Afterwards, by leave of court, the defendant served and filed a supplementary answer, alleging that the plaintiff was the owner of the land described in the complaint, but was not the owner of the timber thereon; but that all of said timber, and the right to cut and remove the same, was excepted from the deeds through which the plaintiff derived his title.

A special verdict was returned by which it was found (1) that plaintiff was the owner of the timber and logs cut and removed by the defendant; (2) that said timber cut consisted of 65,000 feet of pine saw logs, thirty cords of cord wood, and three cords of pulp wood; (3) that the trespass was by mistake; and (4) that the value of the timber cut,

while standing, was $179. From judgment for this amount and costs the defendant appealed.

*A. E. Dixon*, for the appellant.

For the respondent there was a brief by *Sanborn, Dufur & O'Keefe*, and oral argument by *A. W. Sanborn*.

WINSLOW, J. The land upon which the trespass was committed was unoccupied timber land. Hence the plaintiff must prove valid title in order to recover. *Hungerford v. Redford*, 29 Wis. 345.

In order to prove title, the plaintiff introduced a patent from the United States of the land in question, dated November 15, 1894. The land in question was a part of an odd-numbered section within the limits of the grant made by sec. 3 of the act of Congress of May 5, 1864 (13 U. S. Stats. at Large, 66, ch. 80), by which every alternate section of public land, designated by odd numbers, for ten sections in width on each side of a certain projected railroad, was granted to the state of Wisconsin. The benefits of this grant were afterwards conferred by the state on the Wisconsin Central Railroad Company by various acts. P. & L. Laws of 1866, ch. 314, 362; P. & L. Laws of 1869, ch. 257; P. & L. Laws of 1871, ch. 27.

It appeared by the evidence that the line of railway of the Wisconsin Central Company was constructed through this very section (15) within the time limited by the grant; that a map of the location of the railroad was filed in the United States land office at Ashland in January, 1870, by which it appears that the line of road runs through said section; that on July 2, 1887, the Wisconsin Central Company filed in said land office at Ashland a selection of lands claimed by it under said grant, which list includes section 15 in question. It is a familiar principle that a grant of lands by Congress, such as the grant in question, is a grant of lands *in præsenti* and confers a present title. This title

is imperfect until the road is located and the exact sections are identified, but when this takes place the title attaches as of the date of the grant. *Wis. Cent. R. Co. v. Price Co.* 133 U. S. 496; *Wis. Cent. R. Co. v. Forsythe*, 159 U. S..46. There-fore it appears that the United States had no title to the land in question at the date of the patent to the plaintiff. Consequently the plaintiff should not have recovered. It was shown by the evidence that the land in question was deeded by the Wisconsin Central Railroad Company to the plaintiff by deed dated September 19, 1886, but that said deed contained a reservation of all *pine* timber growing or to grow upon said land, with the right to enter, cut, and re-move the same therefrom. It would seem that, under this deed, the plaintiff would be entitled to recover for the cord wood and pulp, as they are not within the terms of the res-ervation; but, as there is no separate finding as to their value, we cannot direct judgment.

*By the Court.*— Judgment reversed, and action remanded for a new trial.