KLITZKE and another, Respondents, vs. EBERT, Appellant.*

*November 9—December 7, 1943.*

* Motion for rehearing denied, without costs, on February 15, 1944.

226

For the appellant there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein*.

*Orville S. Luckenbach* of Shawano and *Stanley A. Staidl* of Appleton, for the respondents.

FRITZ, J. Upon this appeal Ebert contends that during the trial there were errors in several respects which were prejudicial to him. His first contention is that although he expressly denied by allegations in his answer the allegations in plaintiffs' complaint that they owned the eighty acres, on part of which they claimed Ebert committed the alleged trespass, plaintiffs failed to prove on the trial that they had title to that land; and that as it appears from undisputed proof that the land was unimproved, uncultivated, and wild, and there was no proof that plaintiffs were in actual possession thereof, they cannot recover in this action. The contention must be sustained.

The only instruments offered in evidence by plaintiffs in relation to title are a recorded sheriff's deed to plaintiffs dated December 1, 1927, which describes the land in question and purports to have been given pursuant to a foreclosure sale under a judgment foreclosing a mortgage thereon; and a circuit court order dated December 17, 1927, confirming the sheriff's sale on foreclosure to plaintiffs. There is, however, no statement or recital in either the deed or the order of any facts which can be considered to show that the mortgagor had any title to the land. In addition there is a warranty deed executed by plaintiffs to convey the land to the United States government, but this deed was admitted in evidence only for the purpose of plaintiffs proving the reservation of the right to recover damages for trespass committed prior to that conveyance. Defendants duly objected to the admission in evi-

dence of the sheriff's deed and the order confirming the foreclosure sale, and the court sustained those objections, but finally the instruments were admitted as only part of the chain of title. Likewise the court sustained repeatedly defendants' objections to questions which plaintiffs' counsel, in examining his client, worded so as to imply ownership in plaintiffs. Finally there were the following proceedings and ruling when the client was again asked by plaintiffs' counsel, "And you owned that land ever since until you sold it." "Mr. Eberlein [Ebert's counsel] : Object to the term ownership, if it is an attempt to prove his title by the use of that word in this question. Court : Objection overruled. They can testify they own it, but it requires further proof. Go ahead." In addition the following rulings disclose that the court fairly offered to give plaintiffs sufficient time to produce proper proof to establish title, to wit :

"There is only one way to prove title when an objection is made. I know it is going to take a lot of time; we may have to adjourn tomorrow and come back and spend that time, if that is what the objection means and they insist upon it."

"Well, the objection has to be sustained and I assume you are going to have to bring in some abstractor . . . and prove the process right through, if they insist upon it. We can wait. I will give you time, of course, to do that, if you are not ready. . . ."

Plaintiffs failed to take advantage of the proffered opportunity to introduce proof of title. Their only additional testimony is that they paid taxes during the years in question.

As the issue as to whether plaintiffs had the land was duly raised by Ebert's denial thereof in his answer, and as the land was wild and uncultivated and there was no proof established that plaintiffs were in actual possession, they cannot recover in this action unless they establish that they had good title to the land. As the court said in *Knapp v. Alexander-Edgar Lumber Co.* 145 Wis. 528, 530, 130 N. W. 504,—

"That the plaintiff at the time of the cutting was not in the actual possession of the land from which the timber sued for was cut, is too plain to admit of controversy. . . . The action of trespass *quare clausum* can be maintained only by one in the actual or constructive possession of the premises on which the trespass is committed. *Gunsolus v. Lormer,* 54 Wis. 630, 634, 12 N. W. 62. . . . It is also well settled that a plaintiff in an action *quare clausum* who is not in the actual possession of the land upon which the trespass is committed, and who is therefore obliged to rely on constructive possession, must establish that possession by showing that he has good title. Stated in another way, the constructive possession follows the title. In *Hungerford v. Redford* [29 Wis. 345], *supra,* the court, after saying that actual possession is sufficient unless the defendant proves an adverse title of a higher character than a possessory one, continues : 'If the plaintiff is not the real owner of the land, and the defendants shall be compelled to pay the judgment which he [the plaintiff] recovered against them in the circuit court, what rule of law will prevent such owner from bringing an action against them for the same logs and recovering therein? . . . The fact that a recovery by the holder of a merely colorable title is no bar to a recovery by the real owner, demonstrates that none but the real owner can recover.' The action was one of replevin to recover logs wrongfully cut on unoccupied lands claimed by the plaintiff, and recovery was denied because he was unable to prove perfect title to the lands."

In support of those conclusions, the court cited also *Stephenson v. Wilson,* 37 Wis. 482, 488; *McNarra v. Chicago & N. W. R. Co.* 41 Wis. 69, 74; *Paige v. Kolman,* 93 Wis. 435, 67 N. W. 700. It is true, as plaintiffs contend, that under the provision in sec. 327.17, Stats., in relation to the admissibility in evidence of recorded instruments, which are entitled to be recorded, the sheriff's deed on the foreclosure sale and the court's order confirming the sale were admissible in evidence; and that under the provisions in secs. 328.06 and 328.07, Stats., a recorded sheriff's deed on a sale by virtue of any judgment "shall be received, as presumptive evidence of the

facts therein stated and that the title, estate or interest in the land therein described, which such conveyance purports to convey, of every person whom it purports to affect passed to and vested in the grantee therein; . . ." and every certificate of such judicial sale of land "shall be received as presumptive evidence of the facts therein stated." However, although by those statutory provisions the sheriff's deed and the court's order were rendered admissible in evidence, these instruments are insufficient and failed to prove that plaintiffs had good title, because in neither of the instruments are there stated any facts which can be considered sufficient to show that the mortgagor, who executed the mortgage which was foreclosed and whose rights, title, and interest the sheriff's deed purports to convey, ever actually had any title which can be held to have become vested in plaintiffs by virtue of the sheriff's deed. Manifestly, in the absence of any proof that the mortgagor had good title, the presumptive evidence afforded by the sheriff's deed was of no more significance to establish that plaintiffs had acquired good title than would have been the presumptive evidence afforded by a deed directly to them, executed by the mortgagor. Whether, as in this case, plaintiffs are relying on the sheriff's deed, purporting to convey to them the mortgagor's title, or whether they were to rely on a deed given directly to them by the mortgagor to convey his title to them, unless there is also proof of a complete chain of title established that the mortgagor had title, plaintiffs must be held to have failed to establish that they had such title as is necessary to enable them to recover in this action. As the court said in *Hungerford v. Redford,* 29 Wis. 345, 348,—

"Had the plaintiff proved that he derived his title from a government patent, or probably from a patent issued by the state, or, had he proved that he was in actual possession of the land when the logs were cut, he would, doubtless, have thereby made *prima facie* proof of ownership, and to defeat the action the onus would have been upon the defendants to show that the legal title was in some other person. But proof

that some person, or any number of persons, none of whom are shown to have any title whatever to the land, have assumed to convey it to the plaintiff, is not sufficient of itself to raise the presumption that the plaintiff is the real owner. Such proof fails to make out a *prima facie* case for the plaintiff."

In view of the allegations in Ebert's answer denying that plaintiffs had title to the land in question and the absence of sufficient proof on the trial to establish that plaintiffs had good title, this action is not merely a boundary-line controversy. As their proof failed to establish that plaintiffs had such title to the land or were in actual possession thereof, there is no occasion to determine the true location of the original government section corner and of the boundary line between sections 7 and 8. Consequently, such cases as *Rottman v. Toft,* 187 Wis. 558, 564, 204 N. W. 585, and *Fehrman v. Bissell Lumber Co.* 188 Wis. 82, 91, 204 N. W. 582, 205 N. W. 905, which are cited by plaintiffs, are not in point. As the court said in the latter case,—

"If the controversy in this case can be said to be a dispute concerning title to land which the defendant claims to own, then there can be no such thing as a boundary-line dispute, and all controversies of this nature involve title to land."

It follows that the court erred in denying Ebert's motion for a directed verdict and for judgment dismissing the complaint.

However, in connection with reversing the judgment, it must be noted that in the preparation and printing of Ebert's appendix there have been disregarded subds. (b), (c), and (d) of sub. (5) of Rule 6 of the rules of practice of this court. There is a failure to properly print as directed in subd. (b) such part of the pleadings and of the findings, verdict and judgment sought to be reviewed as are material in the consideration of the questions on appeal. Likewise there is no compliance by properly printing in the appendix an abridgment of the bill of exceptions to the extent and in the manner and

form directed in subds. (c) and (d). The directions that in connection with matters printed in the abridgment in narrative form of parts of the bill of exceptions there shall be marginal page references to the record and that also asterisks or other appropriate means shall be used to indicate omissions in the testimony of witnesses, obviously contemplate that such matters will be stated in the order or sequence in which they appear in the bill of exceptions. The requirements prescribed as to the appendix do not admit of the selecting and printing in piecemeal manner and in immediate connection with each contention asserted by appellant merely those portions of the bill of exceptions which are considered favorable to the particular contention. The appendix is not to be in the nature of a supplementary brief. Furthermore, the rules in subds. (c) and (d) expressly prescribe that the names of witnesses whose testimony is referred to shall be given and shall be properly indexed at the end of the appendix; and that likewise there shall be indexed all exhibits with reference to the page of the record and also of the appendix if printed therein and that a brief statement of the contents of the exhibit shall be stated in the index. Appellant's failure to comply with the rules in those respects rendered his appendix,—interspersed as it is with repetitions of argumentative matters stated likewise in his brief,—quite useless and necessitated resorting to the bill of exceptions, instead of relying upon the appendix, in order to properly understand the proceedings on the trial. In view of those circumstances and provisions in Rule 10, no costs will be taxed for the printing of appellant's brief and appendix. *Gleixner v. Schulkewitz, ante,* p. 169, 11 N. W. (2d) 500; *Phelps v. Wisconsin Telephone Co., ante,* p. 57, 11 N. W. (2d) 667.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint against both defendants. No costs will be taxed for printing appellant's brief and appendix.