STATE of Wisconsin, Plaintiff-Respondent,

v.

John MALONEY, Defendant-Appellant.†

Court of Appeals

*Nos. 90-0602-CR, 90-0603-CR. Submitted on briefs January 8, 1991.—Decided February 28, 1991.*

(Also reported in 467 N.W.2d 215.)

†Petition to review denied.

■■■■■■■

For the defendant-appellant the cause was submitted on the briefs of *Steven P. Anderson,* of Thorp, and on the reply brief of *James C. Ritland,* of Black River Falls.

For the plaintiff-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *William L. Gansner,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   John Maloney appeals from two judgments convicting him of delivering a controlled substance, sec. 161.41, Stats., 1987. The trial court denied his motion to suppress the contents of his telephone conversation with a police informant. He then pleaded guilty. The informant, acting in a law enforcement capacity, had recorded the conversation without obtaining authorization under the Electronic Surveillance Control Law, secs. 968.27 through 968.37, Stats. ("surveillance law"). The issue is whether the informant could testify to his recollection of the conversation without using the recording. We hold that he could, and affirm.

The issue requires the application of the surveillance law to undisputed facts. The application of a statute to a particular set of facts is a question of law. *Kania v. Airborne Freight Corp.,* 99 Wis. 2d 746, 758, 300 N.W.2d 63, 68 (1981). We decide a question of law without deference to the trial court. *Ball v. District No. 4, Area Bd. of Vocational, Technical & Adult Educ.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Maloney argues that the trial court erred when it ruled that the recording was not an "intercept" within the meaning of the surveillance law. He argues that the trial court should have applied the statutory definition of the term "intercept" provided in sec. 968.27(9), Stats., rather than a dictionary definition. Section 968.27(9) provides:

"Intercept" means the aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device.

We agree that the trial court should have applied the statutory definition. Nonetheless, we conclude that the informant did not "intercept" the telephone conversation within the meaning of that definition. Maloney argues that an "intercept" occurred when the conversation between the informant and Maloney was acquired through the use of a tape recorder. While that is true, the informant also acquired the conversation in his mind simply by being a party to it, regardless of the use of the tape recorder.

In other words, two acquisitions occurred simultaneously. The first acquisition occurred as the tape recorder recorded the conversation. The second occurred in the informant's mind as he conversed with Maloney. The state concedes that the first acquisition was an unauthorized intercept and that the trial court properly suppressed the evidence of the recording. The second acquisition, however, was not an intercept, since the informant acquired it by ear. *State v. Smith,* 72 Wis. 2d 711, 714, 242 N.W.2d 184, 186 (1976), held that testimony regarding an oral conversation, intercepted without authorization, is admissible if the testimony is independent from the interception. Although *Smith* involved

a face-to-face communication, as opposed to a wire communication, its rationale is applicable here. In *Smith*, the defendant made an illegal proposition to an undercover officer who posed as a plumber. The officer wore a device which transmitted his conversation with the defendant to fellow officers and to a recording device. The court said:

> Assuming *arguendo* that the use of the device here constituted a constitutional or statutory violation which would demand suppression of the direct fruits of its use, *i.e.,* the tape of the conversation and the testimony of the eavesdropping officers, it can hardly be said that the testimony of the plumber was a fruit of the illegal device. Although he did enable the transport of the device, his testimony is independent of its use and would be the same even if the device were not present or had mechanically failed. Such testimony is not a product of the assumed constitutionally infirm action, *see: People v. Beavers* (1975), 393 Mich. 554, 227 N.W.2d 511, and is untainted by the officer's acquiescence in other activity. The independent origin allows admission. *Nardone v. United States* (1939), 308 U.S. 338, 60 S. Ct. 266, 84 L.Ed. 307.

*Smith,* 72 Wis. 2d at 714, 242 N.W.2d at 186.

In the case before us, the informant's testimony was not a fruit of the unauthorized recording.[1] The informant's testimony would be the same even if the tape

---

[1]Although the tape recording was unauthorized, it was not unlawful. Section 968.31(2)(b), Stats., provides that it is not unlawful "[f]or a person acting under color of law to intercept a wire, electronic or oral communication, where the person is a party to the communication . . .." *See also State v. Waste Management of Wis., Inc.,* 81 Wis. 2d 555, 572–73, 261 N.W.2d 147, 154–55 (1978).

recorder "were not present or had mechanically failed." *Smith,* 72 Wis. 2d at 714, 242 N.W.2d at 186.

Several of Maloney's arguments rely on a second *Smith* case, *State v. Smith,* 149 Wis. 2d 89, 94, 438 N.W.2d 571, 573 (1989), in which the court said:

> [I]f a telephone conversation which the police intercepted without a warrant is either a "wire communication" or an "oral communication," its use in court proceedings is prohibited. Where there is a "wire communication," *e.g.,* ordinary communication by landline telephone, there is a statutory presumption of confidentiality. Even were a person to know that the conversation was in fact being intercepted by police authorities, there could be complete confidence, as a matter of law, that, in the absence of prior judicial approval, the contents of the conversation or evidence derived therefrom could not be used in court proceedings. The expectation of privacy, whether reasonable or unreasonable, is irrelevant, because the privacy of a "wire communication" is protected as a matter of law.

In the quoted excerpt, the *Smith* (1989) court assumed that the police had "intercepted" a communication. Here the informant, for purposes of his testimony, did not intercept a communication. For that reason, we do not reach appellant's arguments based on the quoted language in *Smith* (1989).

We conclude that because the informant's testimony does not rely on an intercept, the surveillance law is inapplicable. The informant's testimony of his per-

sonal experience was admissible. We therefore affirm the judgments of conviction.

*By the Court.*—Judgments affirmed.