STATE of Wisconsin, Plaintiff-Appellant,

v.

Douglas W. GAULKE, Defendant-Respondent. [Case No. 92–1955.]

STATE of Wisconsin, Plaintiff-Appellant,

v.

Clark R. GAULKE, Defendant-Respondent. [Case No. 92–1956.]

STATE of Wisconsin, Plaintiff-Appellant,

v.

Clark R. GAULKE, Defendant-Respondent. [Case No. 92–1957.]

Court of Appeals

*Nos. 92–1955, 92–1956, 92–1957. Submitted on briefs March 11, 1993.—Decided June 17, 1993.*

(Also reported in 503 N.W.2d 330.)

790

For the plaintiff-appellant the cause was submitted on the briefs of *David J. Wambach,* assistant district attorney, of Jefferson, and *Michael A. Lutz* of the *Department of Natural Resources.*

For the defendants-respondents the cause was submitted on the brief of *J. Timothy Gratz* of *Gratz Law Office, S.C.* of Milwaukee.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J. The state appeals from an order dismissing all charges against Clark Gaulke and Douglas Gaulke for violations of deer hunting regulations

contained in Wis. Adm. Code sec. NR 10.06(3) and sec. 29.22(3), Stats.[1] The trial court held that the Department of Natural Resources (DNR) warden had committed an unprivileged trespass on private land to issue the citations, and concluded that dismissal was an appropriate sanction.

However, we conclude that the Gaulkes lacked standing to assert the warden's trespass and, therefore, the trial court's dismissal was based on an erroneous view of the law. Therefore, we reverse and remand the cause for further proceedings.

## BACKGROUND

On September 21, 1991, the first day of deer archery season, John Welke, a DNR warden, entered onto the land of Bryce Gaulke. He positioned himself about thirty yards from a tree stand on the property where Clark, Bryce's son, was sitting, dressed in camouflage and apparently looking for game. At 7:17 p.m., or seven minutes after hunting hours had closed, Welke asked Clark, who had a nocked arrow on his bowstring, to come down from the stand. Welke took Clark's bow and told Clark to meet him at the farmhouse on the property.

A few minutes later, Welke encountered Clark's brother, Douglas, in a second tree stand with a nocked arrow on his bowstring. Welke accompanied Douglas to the farmhouse where they waited until Bryce's return. Welke then cited both brothers for hunting after authorized hours, contrary to Wis. Adm. Code sec. NR 10.06(3), and Clark for failure to wear his back tag,

---

[1] The citation indicates a violation of sec. 29.22(2), Stats., rather than sec. 29.22(3), Stats. This clerical error should be corrected upon remand.

contrary to sec. 29.22(3), Stats. After the citations were issued, Bryce told Welke that he was trespassing and that he should never come onto the property again.

Clark and Douglas moved the trial court to dismiss the charges on the basis that they resulted from Welke trespassing on their father's property. After briefs and a hearing,[2] the trial court granted the motion. This appeal followed.

## STANDARD OF REVIEW

The elements necessary to maintain an action for trespass and the forms of relief to which a plaintiff is entitled are questions of law. We review questions of law independently of the trial court. *City of La Crosse v. Shiftar Bros.*, 162 Wis. 2d 556, 559–60, 469 N.W.2d 915, 916 (Ct. App. 1991).

## STANDING

The state argues that neither Clark nor Douglas Gaulke have standing to complain of Welke's trespass upon the property owned by their father, Bryce Gaulke. Consequently, neither defendant was entitled to dismissal as a remedy for the alleged trespass. The defendants counter by claiming that because the state failed to raise this issue in the trial court, the state has waived the right to have this court consider the issue on appeal. *See Park Bank-West v. Mueller*, 151 Wis. 2d 476, 481, 444 N.W.2d 754, 757 (Ct. App. 1989).

---

[2] At the hearing, the trial court also considered the state's motion *in limine* to preclude the defense from introducing evidence of a conspiracy on the part of Welke and his predecessor to get even with Bryce Gaulke for a previous incident at the Gaulke farm.

While the defendants correctly assert that the issue was not presented to the trial court, the waiver rule is one of administration and does not affect this court's power to address the issue. *Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140, 145–46 (1980). We make exceptions to the rule in cases where the new issue is a question of law and has been fully briefed by both sides, and the question presented is of sufficient public interest to merit a decision. *City News & Novelty, Inc. v. City of Waukesha*, 170 Wis. 2d 14, 20–21, 487 N.W.2d 316, 318 (Ct. App. 1992). These criteria are satisfied in the case at bar and, therefore, we will address the issue. For the reasons set forth below, we conclude that the defendants lacked standing to assert Welke's trespass.

To maintain an action for trespass, a party must have either actual possession of, or good title to, the land upon which the trespass is committed. *Klitzke v. Ebert*, 244 Wis. 225, 228–29, 12 N.W.2d 144, 145–46 (1943). Actual possession may be demonstrated by acts of ownership or dominion. 73 C.J.S. *Property* § 30 (1983).

From the record, we conclude that the only individual who could reasonably claim actual possession or good title to the land is Bryce Gaulke. In an affidavit supporting the defendants' motion for a jury view of the Gaulke farm, Bryce Gaulke averred that he owns the 240–acre farm where the citations were issued. Also, the defendants' motion to dismiss states as the ground that "the arrests made by Warden Welke were the result of Warden Welke improperly entering and trespassing [on] property *owned by Bryce J. Gaulke*

*without the consent of Bryce J. Gaulke."* (Emphasis added.)

Furthermore, at the evidentiary hearing on the motion *in limine*, Bryce repeatedly referred to the farm as *his* property or *his* land. Finally, while providing narration as a videotape of the farm was displayed, Bryce stated that he performed the following acts of ownership or dominion: (1) keeping the grass mowed all year long in a picnic area on the farm; (2) planting spruce and cedar trees with wire around them eight years earlier; (3) putting in landfill near a culvert; and (4) building a tree stand four years earlier.[3]

■

As an additional reason why we should invoke the waiver rule against the state, the defendants argue that they were prejudiced in developing sufficient evidence to demonstrate that they have standing. This argument fails because the defendants have made no showing of prejudice. Rather than identify concrete evidence which they could have introduced to prove actual possession or good title, they merely speculate as to the types of evidence which could have been offered, without claiming that any such evidence exists. Accordingly, we conclude that the defendants failed to make a preliminary showing which entitled them to an evidentiary hearing.

■

Based on the foregoing, we conclude that the defendants lack standing to assert Welke's alleged trespass on their father's property. Thus, the defendants are not entitled to any relief for trespass, and the

---

[3] We do not necessarily take Bryce's testimony on this point literally. Whether the tasks were performed by Bryce personally, or an agent acting at his behest, is a distinction without relevance to our analysis.

dismissal of the charges rests upon an error of law.[4] Therefore, we reverse and remand the cause for a trial on the merits.[5]

*By the Court.*—Order reversed and cause remanded.

GARTZKE, P.J. (*concurring*). Following an evidentiary hearing, the trial court dismissed the actions because the warden had trespassed when he issued the citations, his trespass was not privileged in that he had no articulable suspicion that a violation of law had occurred, might occur or was occurring when he entered the land, and the game law violations were minor.

Whether trespass by a warden on private land without such a suspicion is a defense in a forfeiture action by the state for violation of the game laws requires application of the law to those facts. That raises a question of law. *See State v. Maloney*, 161 Wis. 2d 127, 128, 467 N.W.2d 215, 216 (Ct. App. 1991) (application of law to undisputed facts is question of law).

The defendants, however, concede that a warden's trespass does not always mandate dismissal of a forfeiture action. They contend that a trial court should dismiss such an action if the harm the government caused by the trespass outweighs the cost to society in precluding prosecution and no lesser remedial action is

---

[4] We do not decide the question of whether a property owner with standing to assert trespass would be entitled to dismissal of charges brought as the result of a trespass.

[5] Because the issue of standing is dispositive, we do not reach the state's other arguments for reinstatement of the charges.

available. This raises a question of public policy. Public policy questions are issues of law. *Hass v. Chicago & N. W. Ry.*, 48 Wis. 2d 321, 326–27, 179 N.W.2d 885, 888 (1970).

I reject the defendants' public policy argument. Every year thousands of hunters enter privately-owned land in Wisconsin. The benefits to hunters and the public from enforcing our game laws substantially exceed the inconsequential harm caused by a warden's trespass. The law of trespass should not make privately-owned lands havens for violators.