PER CURIAM.
¶ 1 Javier Yera appeals the circuit court's order denying his motion to reopen and join A.M.W.'s paternity action. Yera argues: (1) the circuit court should have granted his motion to intervene brought pursuant to WIS. STAT . § 803.09 (2015-16)[1] ; (2) the circuit court should have granted his request for permissive joinder under WIS. STAT . § 803.04 ; (3) the circuit court should have granted him relief from the paternity judgment under WIS. STAT . § 806.07 ; (4) the circuit court should have granted his motion to reopen the default judgment under WIS. STAT . § 767.893(3) ; and (5) the circuit court erroneously exercised its discretion in requiring him to pay guardian ad litem fees. We affirm.
¶ 2 A.M.W. was born to Courtney Wilborn on December 6, 2002. On February 7, 2003, by petition of the State, Travis Williams was adjudicated A.M.W.'s father by default. Since A.M.W.'s birth, Williams has been an actively involved father. In 2016, Yera moved to reopen and join the paternity action decided thirteen years earlier, arguing that he believed himself to be A.M.W.'s biological father. Wilborn and Williams both opposed the motion. The circuit court appointed a guardian ad litem , who also opposed the motion. After briefing and several hearings, the circuit court denied Yera's petition.
¶ 3 Yera first argues that the circuit court erred in denying his motion to intervene brought pursuant to WIS. STAT . § 803.09. As it relates to this case, that statute allows intervention as a matter of right if disposition of the action affects the intervenor's ability to protect his or her interest in the action and the motion is timely made. See Olivarez v. Unitrin Prop. & Cas. Ins. Co. , 2006 WI App 189, ¶ 12, 296 Wis. 2d 337, 723 N.W.2d 131. Whether a motion is timely made is committed to the circuit court's discretion. Id. , ¶ 14. In determining whether an action is timely, the circuit court should consider whether the intervenor acted promptly, which turns on "when the proposed intervenor discovered its interest was at risk and how far litigation has proceeded." Id , ¶ 15. Where, as here, judgment has already been entered, the general rule is that a motion "for intervention will be granted only upon a strong showing of justification for failure to request intervention sooner." Id. , ¶ 20.
¶ 4 The circuit court ruled that Yera had the right to intervene in the paternity judgment entered February 7, 2003, because the paternity judgment affected his ability to protect his parental interests. However, the court concluded that Yera's motion to intervene was not timely because he brought it nearly fifteen years after he learned that he may have an interest in A.M.W.'s paternity judgment. The circuit court found that Yera has believed that he may be A.M.W.'s biological father since shortly after the time she was born. The circuit court also found that Yera has known since 2010 that he had a claim of paternity based on genetic testing. The circuit court considered Yera's explanation that he did not seek relief sooner because he was in ill health and he lived outside Wisconsin for a period of time, but the circuit court concluded that those reasons did not justify Yera's lengthy delay in moving to intervene in and reopen the paternity judgment. Because the circuit court considered the appropriate law and applied the law to the facts of this case, the circuit court properly exercised its discretion in concluding that the motion to intervene under WIS. STAT . § 803.09(2) was not timely.
¶ 5 Yera next argues that the circuit court should have granted his request for permissive joinder under WIS. STAT . § 803.04, which provides that "[a]ll persons may join in one action" as either plaintiffs or defendants in certain circumstances. Id. "The purpose of the permissive joinder statute is to avoid multiple trials involving identical or similar issues." Kluth v. General Cas. Co. , 178 Wis. 2d 808, 818, 505 N.W.2d 442 (Ct. App. 1993). Because the purpose of the statute is to avoid multiple trials, it follows that where a judgment has already been entered, the statute does not apply. Yera was not entitled to relief under the permissive joinder statute.
¶ 6 Thirdly, Yera argues that the circuit court should have granted him relief from the paternity judgment under WIS. STAT . § 806.07(1). That statute allows the circuit court to reopen judgments or orders in certain circumstances. It provides: "[o]n motion and upon such terms as are just, the court ... may relieve a party ... from a judgment." Id. (emphasis added). Yera was not a party to the original paternity judgment. Therefore, the circuit court properly denied Yera's motion for relief under § 806.07(1).
¶ 7 The default judgment should be reopened under WIS. STAT . § 767.893(3) according to Yera's fourth argument. That statute allows a default paternity judgment to be reopened for good cause. See id. However, the statute does not authorize a nonparty to reopen an existing paternity judgment. Because Yera is not a party, the statute does not provide him relief. Moreover, it does not appear that Yera raised this issue before the circuit court. We generally do not consider issues that are raised for the first time on appeal. See Jackson v. Benson , 218 Wis. 2d 835, 901, 578 N.W.2d 602 (1998).
¶ 8 Finally, Yera argues that the circuit court erroneously exercised its discretion in requiring him to pay all of the guardian ad litem fees. He contends that he should not be responsible for all of the fees because he is of limited means. Yera has not adequately developed this argument. See State v. Pettit , 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (we may decline to review issues that are inadequately briefed). Moreover, throughout the proceedings on his motion, Yera was paying the guardian ad litem fees. Further, at the hearing where the circuit court denied Yera's motion the issue of the guardian ad litem fees was discussed. At that hearing, not only did Yera not object to paying the guardian ad litem fees, but trial counsel, on his behalf, agreed and accepted responsibility for paying the fees and requested a payment plan. Having failed to object and raise the issue before the circuit court, we will not address his argument for the first time on appeal. See State v. Gaulke , 177 Wis. 2d 789, 793-94, 503 N.W.2d 330 (Ct. App. 1993). Therefore, the circuit court properly exercised its discretion in ordering Yera to pay the fees.
By the Court .-Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.