COURT OF APPEALS
DECISION
DATED AND FILED

August 24, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1898**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV759

IN COURT OF APPEALS
DISTRICT III

LUDMYLA CARLBORG AND KENNETH R. CARLBORG,

    PLAINTIFFS-APPELLANTS,

  V.

MOUNT VIEW CARE CENTER,

    DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Marathon County: MICHAEL K. MORAN, Judge. *Modified and, as modified, affirmed.*

Before Stark, P.J., Hruz and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Ludmyla Carlborg and her husband, Kenneth, pro se, appeal an order that dismissed with prejudice their claims against

Mount View Care Center. We conclude the circuit court properly dismissed the Carlborgs' claims based on their undisputed failure to comply with the notice of claim statute, WIS. STAT. § 893.80(1d) (2019-20).[1] We reject the Carlborgs' assertion that, under § 893.80(1m), they were exempt from compliance with the requirements set forth in the notice of claim statute because their complaint sought to recover damages for medical malpractice.

¶2 We conclude, however, that aside from the Carlborgs' claim for punitive damages, which was properly dismissed with prejudice, the Carlborgs' remaining claims should have been dismissed without prejudice. We therefore modify the order dismissing the Carlborgs' claims to reflect that their claim for punitive damages is dismissed with prejudice, but their remaining claims are dismissed without prejudice. We affirm the order as modified.

## BACKGROUND

¶3 The Carlborgs filed suit against Mount View on November 22, 2019. Their complaint alleged that Kenneth was admitted to Mount View for physical rehabilitation on October 3, 2019, following the transmetatarsal amputation of his foot. The complaint further alleged that while residing at Mount View during October and November of 2019, Kenneth fell on multiple occasions and sustained serious injuries.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted. We refer to WIS. STAT. § 893.80(1d) as "the notice of claim statute" throughout this opinion. As explained below, the notice of claim statute contains two distinct requirements that a claimant must fulfill before filing suit against a governmental defendant. *See infra*, ¶10. Unless otherwise specified, when we refer to the notice of claim statute, we are referring to both of those requirements.

¶4      The Carlborgs' complaint asserted a negligence claim against Mount View on Kenneth's behalf, alleging that: (1) Mount View owed a duty of care to Kenneth, which required it to "provide services and activities to [him] so that he [could] maintain his highest practical, physical, mental, and psychological well-being"; (2) Mount View breached its duty of care by failing "to provide all of the care necessary to keep Kenneth safe and comfortable"; (3) Kenneth suffered injuries as a result of Mount View's "[n]egligent violation of a required standard of care"; and (4) Kenneth suffered economic and noneconomic damages as a result of Mount View's negligence. The complaint also asserted a loss of consortium claim on Ludmyla's behalf. In addition, the complaint alleged that the Carlborgs were entitled to recover punitive damages.

¶5      Mount View moved to dismiss the Carlborgs' complaint, asserting that the Carlborgs were required, but failed, to comply with the notice of claim statute. Specifically, Mount View asserted that the Carlborgs had not filed a notice of injury within 120 days of the event giving rise to their claims, as required by WIS. STAT. § 893.80(1d)(a), or a notice of claim including an itemized statement of the relief sought, as required by § 893.80(1d)(b). Mount View also asserted that the Carlborgs were statutorily barred from recovering punitive damages under § 893.80(3). In response, the Carlborgs asserted that they were not required to comply with the notice of claim statute because Mount View is a private facility, not a governmental entity. For the same reason, the Carlborgs contended that the punitive damages bar in § 893.80(3) was inapplicable.

¶6      The circuit court granted Mount View's motion to dismiss during an October 6, 2020 hearing. The court concluded—based on documents submitted by Mount View's attorney and the court's personal knowledge—that Mount View was a governmental entity, and that the Carlborgs were therefore required to

comply with the notice of claim statute before filing suit. The court further concluded that the Carlborgs had not complied with the notice of claim statute. The court therefore stated that it was granting Mount View's motion to dismiss the Carlborgs' claims "with prejudice."

¶7 The circuit court entered a written order granting Mount View's motion to dismiss on October 7, 2020, which, consistent with the court's oral ruling, stated that all of the Carlborgs' claims were dismissed "with prejudice." On October 14, the Carlborgs moved for reconsideration, arguing for the first time that they were exempt from compliance with the notice of claim statute under WIS. STAT. § 893.80(1m) because their complaint sought to recover damages for medical malpractice. Mount View filed a brief in opposition to the Carlborgs' reconsideration motion, arguing that the Carlborgs should not be permitted to raise a new legal argument on reconsideration. Mount View also argued that the Carlborgs' new argument failed on its merits because their complaint did not assert a medical malpractice claim.

¶8 The Carlborgs filed a notice of appeal from the circuit court's October 7, 2020 order on November 10, 2020—before the court ruled on their motion for reconsideration. On November 12, the court issued an "Order for Judgment," which stated that the court had both granted Mount View's motion to dismiss and denied the Carlborgs' motion for reconsideration in its October 7 order. Based on that prior order, the court granted Mount View judgment against the Carlborgs in the amount of $500. The Carlborgs then filed an amended notice of appeal from the court's November 12 order.

## DISCUSSION

¶9    This appeal requires us to apply the notice of claim statute and various other statutory provisions to a set of undisputed facts.  The application of a statute to undisputed facts presents a question of law that we review independently.  *Nichols v. Nichols*, 162 Wis. 2d 96, 103, 469 N.W.2d 619 (1991).

¶10    As relevant here, the notice of claim statute provides that, subject to certain exceptions, "no action may be brought or maintained against any … political corporation, governmental subdivision or agency thereof … upon a claim or cause of action" unless two prerequisites are met.  WIS. STAT. § 893.80(1d).  First, § 893.80(1d)(a) requires the claimant to serve a "written notice of the circumstances of the claim" on the relevant governmental body "[w]ithin 120 days after the happening of the event giving rise to the claim."  Our case law refers to subsec. (1d)(a) as the "notice of injury" requirement.  *See Yacht Club at Sister Bay Condo. Ass'n, Inc. v. Village of Sister Bay*, 2019 WI 4, ¶20, 385 Wis. 2d 158, 922 N.W.2d 95.  Second, § 893.80(1d)(b) requires the claimant to present "a claim containing the address of the claimant and an itemized statement of the relief sought" to "the appropriate clerk or person who performs the duties of a clerk or secretary" for the governmental body, and the governmental body must then disallow the claim.  Subsection (1d)(b) is referred to as the "notice of claim" requirement.  *See Yacht Club*, 385 Wis. 2d 158, ¶20.

¶11    It is undisputed that the Carlborgs did not comply with either the notice of injury requirement or the notice of claim requirement before filing the instant lawsuit against Mount View.  Furthermore, although the Carlborgs argued in the circuit court that they were not required to comply with the notice of claim statute because Mount View is a private facility, not a governmental entity, the

court rejected that argument, and the Carlborgs have not renewed it on appeal. Instead, the Carlborgs contend—as they did in their motion for reconsideration— that they were exempt from complying with the notice of claim statute under WIS. STAT. § 893.80(1m) because their complaint sought to recover damages for medical malpractice.

¶12    In response, Mount View asserts that the Carlborgs forfeited their argument regarding the medical malpractice exception in WIS. STAT. § 893.80(1m) because they raised it for the first time in their motion for reconsideration.  A motion for reconsideration "is not a vehicle for making new arguments" after the circuit court has decided a dispositive motion.  *Lynch v. Crossroads Counseling Ctr., Inc.*, 2004 WI App 114, ¶23, 275 Wis. 2d 171, 684 N.W.2d 141. Nevertheless, the forfeiture rule is a rule of judicial administration, and we have discretion to disregard a forfeiture and address the merits of an unpreserved issue. *State v. Counihan*, 2020 WI 12, ¶27, 390 Wis. 2d 172, 938 N.W.2d 530.  Here, we elect to address the merits of the Carlborgs' argument regarding § 893.80(1m) for several reasons.

¶13    First, although the Carlborgs did not raise their argument in response to Mount View's motion to dismiss, they promptly remedied that failure by filing a motion for reconsideration, thus giving both Mount View and the circuit court the opportunity to address the issue. *See Counihan*, 390 Wis. 2d 172, ¶27 (noting that one of the purposes of the forfeiture rule is to "give[] the parties and the circuit court notice of an issue and a fair opportunity to address the objection"). Second, there is no indication that the Carlborgs' failure to raise the issue earlier was the result of sandbagging—i.e., "failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal." *Id.* (citation omitted).  Third, the Carlborgs' argument presents a question of law, which we

can resolve without the need to find facts. *See **State v. Gaulke***, 177 Wis. 2d 789, 794, 503 N.W.2d 330 (Ct. App. 1993). Fourth, both parties have briefed the issue on appeal. *See **id.*** Fifth, because the circuit court dismissed the Carlborgs' claims early on in the litigation between the parties, our consideration of the Carlborgs' new argument does not undermine judicial economy and efficiency. *See **State v. Rogers***, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995) (noting that the forfeiture rule "is based on a policy of judicial efficiency"). Sixth, the Carlborgs are self-represented, and we "generally provide pro se litigants a degree of leeway in complying with the rules expected of lawyers." *See **Rutherford v. LIRC***, 2008 WI App 66, ¶27, 309 Wis. 2d 498, 752 N.W.2d 897 (italics omitted). For all of these reasons, we choose to address the merits of the Carlborgs' argument that they are exempt from compliance with the notice of claim statute because their complaint seeks to recover damages for medical malpractice.

¶14 Turning to the merits, WIS. STAT. § 893.80(1m) expressly states that the notice of injury and notice of claim requirements in subsec. (1d) "do not apply" to "a claim to recover damages for medical malpractice." We agree with Mount View that this exception is inapplicable because the Carlborgs' claims did not seek to recover damages for medical malpractice.

¶15 WISCONSIN STAT. ch. 655 "constitutes the exclusive procedure and remedy for medical malpractice in Wisconsin." ***Finnegan v. Wisconsin Patients Comp. Fund***, 2003 WI 98, ¶22, 263 Wis. 2d 574, 666 N.W.2d 797. WISCONSIN STAT. § 655.002 contains a list of individuals and entities that are—or may elect to be—subject to the provisions of ch. 655. That list includes: (1) physicians; (2) nurse anesthetists; (3) partnerships comprised of physicians or nurse anesthetists; (4) corporations organized and operated for the primary purpose of providing the medical services of physicians and nurse anesthetists;

7

(5) cooperative health care associations; (6) ambulatory surgery centers; (7) hospitals; (8) entities that are affiliated with a hospital and provide diagnosis, treatment, or care for that hospital's patients; (9) nursing homes, as defined in WIS. STAT. § 50.01(3), whose operations are combined as a single entity with a hospital; and (10) graduate medical education programs. *See* § 655.002(1)-(2).

¶16 There is nothing in the record on appeal—or in the allegations in the Carlborgs' complaint—to indicate that Mount View falls within any of the categories of individuals or entities that are subject to WIS. STAT. ch. 655. In response to the Carlborgs' motion for reconsideration, Mount View submitted a copy of a Marathon County ordinance that described Mount View as "a public, skilled nursing home" serving individuals who are in need of: short-term rehabilitation; post-acute care with complex physical needs; ventilator-dependent care; long-term skilled nursing care; and specialized nursing care to address dementia, psychiatric and neurological diseases, or behavioral needs. On appeal, Mount View asserts—and the Carlborgs do not dispute—that although Mount View is licensed as a nursing home under WIS. STAT. ch. 50, its operations are not combined as a single entity with a hospital. Thus, Mount View is not subject to ch. 655, and, as such, the Carlborgs could not assert a medical malpractice claim against Mount View.[2]

---

[2] In their reply brief, the Carlborgs quote language from *Rouse v. Theda Clark Medical Center, Inc.*, 2007 WI 87, 302 Wis. 2d 358, 735 N.W.2d 30, which they contend supports their assertion that Mount View is subject to WIS. STAT. ch. 655. We are not convinced that the language the Carlborgs cite supports their position. Moreover, the quotation that the Carlborgs provide in their brief is not entirely accurate. Finally, and most importantly, the language the Carlborgs quote is from a single justice's dissenting opinion, and, accordingly, it is not controlling. *See Rouse*, 302 Wis. 2d 358, ¶¶76, 82, 88 (Abrahamson, C.J., dissenting).

¶17      In addition, Mount View correctly notes that because it is a long-term care provider, lawsuits against it are subject to the limitations set forth in WIS. STAT. § 893.555. *See* § 893.555(1)(a)5. (defining the term "long-term care provider" to include nursing homes).  Specifically, § 893.555(2) contains a statute of limitations for actions to recover damages for injuries arising from any treatment or operation performed by a long-term care provider, and § 893.555(4) limits the noneconomic damages that a plaintiff may recover from a long-term care provider in such an action.  As Mount View correctly observes, WIS. STAT. § 893.55 sets forth a separate statute of limitations for medical malpractice claims, as well as a separate limitation on the recovery of noneconomic damages in medical malpractice cases.  *See* § 893.55(1m), (4).  We agree with Mount View that if a claim against a long-term care provider for negligence in its care of a resident constituted a medical malpractice claim, the limitations in § 893.555 would be superfluous, as such claims would already be subject to the limitations in § 893.55.

¶18      For these reasons, we conclude the Carlborgs' complaint did not assert a medical malpractice claim against Mount View.  Accordingly, the exception to the notice of claim statute in WIS. STAT. § 893.80(1m) for medical malpractice claims does not apply, and the circuit court properly dismissed the Carlborgs' claims for failure to comply with the notice of claim statute.[3]

---

[3] We acknowledge that the captions on the circuit court pleadings in this case contain the case code for "other" medical malpractice actions.  We also acknowledge that the record contains various hearing notices that include the notation "Re[:] Other—Medical Malpractice."  We do not, however, view these facts as dispositive of whether the Carlborgs' complaint actually asserted a medical malpractice claim.  The Carlborgs do not cite any legal authority in support of the proposition that either the case code or the notations on the hearing notices are controlling.

¶19 Moreover, we also agree with Mount View that even if the Carlborgs' complaint had asserted a medical malpractice claim, that claim would have been properly dismissed as a matter of law for two reasons. First, Mount View is statutorily exempt from medical malpractice claims under WIS. STAT. § 655.003(2), which states that WIS. STAT. ch. 655 does not apply to a facility that is "operated by any governmental agency." In its ruling on Mount View's motion to dismiss, the circuit court concluded that Mount View is a governmental entity, and the Carlborgs do not challenge that conclusion on appeal. As such, even if the Carlborgs had asserted a medical malpractice claim against Mount View, that claim would have been properly dismissed as a matter of law.

¶20 Second, WIS. STAT. § 655.445(1) requires a plaintiff in a medical malpractice action to file a request for mediation of his or her claim within fifteen days of filing suit. Mount View asserts—and the Carlborgs do not dispute—that the Carlborgs did not comply with that requirement. Their failure to do so would have provided an alternative basis to dismiss their complaint, if the complaint had asserted a medical malpractice claim.

¶21 We therefore conclude that the circuit court properly granted Mount View's motion to dismiss the Carlborgs' claims. The Carlborgs assert that the dismissal of their claims "undermined the fairness and integrity of the judicial system." However, their cursory argument in that regard is undeveloped and unsupported by references to legal authority, and we therefore decline to address it. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶22 The Carlborgs also note that the circuit court's November 12, 2020 "Order for Judgment" incorrectly stated that the court's prior order dated October 7, 2020, had denied the Carlborgs' reconsideration motion. They assert

that the inclusion of that "[f]alse information" in the court's final order warrants reversal. Again, however, the Carlborgs' argument on this point is undeveloped and unsupported by references to legal authority. Moreover, the court's apparent misstatement about its prior denial of the Carlborgs' reconsideration motion has no effect on our analysis of the dispositive issue in this appeal—i.e., whether the court properly granted Mount View's motion to dismiss on the grounds that the Carlborgs were required, but failed, to comply with the notice of claim statute. We will not reverse a circuit court's order based on an error that did not affect a party's substantial rights. *See* WIS. STAT. § 805.18.

¶23 Finally, the Carlborgs contend that the circuit court erred by dismissing their claims with prejudice. Specifically, they assert that the "permanent[]" dismissal of their claims violated their constitutional rights to have their case heard and to a trial by jury. The Carlborgs' cursory constitutional arguments are inadequately developed and lack legal support. Nonetheless, we conclude for other reasons that—with the exception of the Carlborgs' claim for punitive damages—the court should have dismissed the Carlborgs' claims without prejudice.

¶24 Our review of a circuit court's decision to dismiss a case with prejudice is limited to whether the court erroneously exercised its discretion. ***Haselow v. Gauthier***, 212 Wis. 2d 580, 590-91, 569 N.W.2d 97 (Ct. App. 1997). We will uphold a discretionary decision if the court examined the relevant facts, applied a proper standard of law, and used a demonstrated rational process to reach a reasonable conclusion. ***Id.*** at 591.

¶25 Our supreme court's decision in ***Pattermann v. City of Whitewater***, 32 Wis. 2d 350, 145 N.W.2d 705 (1966), is instructive. There, the plaintiff's

11

lawsuit against the City of Whitewater was dismissed for failure to comply with the notice of claim statute. *Id.* at 353-54. On appeal, our supreme court concluded the dismissal "should have been without prejudice in order to afford [the] plaintiff the opportunity to comply with [the statute] and[,] in the event the city denies his claim, to commence a subsequent action against the city." *Id.* at 360. The supreme court therefore modified the judgment to state that the plaintiff's complaint was dismissed "without prejudice." *Id.* at 360-61.

¶26 In this case, it is undisputed that the Carlborgs did not comply with the notice of claim statute before filing suit against Mount View. However, like the plaintiff in *Pattermann*, the Carlborgs may be able to demonstrate compliance with that statute in the future. Although the Carlborgs did not timely serve a written notice of injury on Mount View before filing suit, and although the 120-day time limit for doing so has now elapsed, the failure to timely serve a notice of injury "shall not bar action on the claim" if the governmental defendant "had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant." *See* WIS. STAT. § 893.80(1d)(a). Accordingly, even though the Carlborgs did not timely provide Mount View with the notice of injury required by § 893.80(1d)(a), they may be able to show that they nevertheless complied with that statute because Mount View had actual notice of their claims and their failure to provide a notice of injury did not prejudice Mount View.

¶27 In addition, while the Carlborgs did not provide Mount View with the notice of claim required by WIS. STAT. § 893.80(1d)(b) or wait until Mount View disallowed their claim before filing suit, the statute does not contain any time limit for filing a notice of claim. Consequently, the Carlborgs may still

file a notice of claim against Mount View regarding the injuries that they allege Kenneth sustained as a result of Mount View's negligence.

¶28     Thus, in the future, the Carlborgs may be able to demonstrate compliance with both components of the notice of claim statute. We also observe that the circuit court did not make any findings or provide any explanation in support of its decision to dismiss the Carlborgs' claims with prejudice. Under these circumstances, we conclude the court erroneously exercised its discretion by dismissing the Carlborgs' claims with prejudice, with the exception of the Carlborgs' claim for punitive damages.[4] We therefore modify the court's order to reflect that the Carlborgs' punitive damages claim is dismissed with prejudice, and that their remaining claims are dismissed without prejudice. We affirm the order as modified.

*By the Court.*—Order modified and, as modified, affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] WISCONSIN STAT. § 893.80(3) unambiguously bars the Carlborgs from recovering punitive damages against Mount View because it is a governmental entity. Accordingly, the Carlborgs' claim for punitive damages failed as a matter of law and was properly dismissed with prejudice.

13